DREW, Chief Justice.
The City of Coral Gables, the appellant here, installed a sanitary sewer system and passed ah ordinance requiring all buildings to connect directly with the lateral sanitary sewers adjacent to said property immediately upon the lateral being available for such purpose. The ordinance provided the method of the connection to be made and that upon such connection being completed, any septic tank being theretofore used was to be discontinued and filled in with well tramped soil. Section 2 of the ordinance which brought on this controversy between the City and the appellee Plumbing Company provided that “Any licensed septic tank contractor in the City of Coral Gables shall have the privilege of doing said work.” The lower court, in a suit filed by the Plumbing Company for injunction, held that Section 2 of the ordinance was in conflict with Chapter 469, Florida Statutes, 1953, F.S.A., which provides that “any person engaged in or working at the business of plumbing in cities of seven thousand five hundred population or more in this state, either as master plumber or employing plumber or as journey'man plumber shall first receive a certificate thereof in accordance with the provisions of this chapter”, and permanently enjoined the appellant City from enforcing said Section and denied attorney’s fees to the attorney for the Plumbing Company.
It was stipulated in the lower court by the parties to this appeal that the work which the ordinance authorized any licensed septic tank contractor to do was *807 “plumbing” within the contemplation of said Chapter 469. We wish to observe that this question is not present in this appeal and we do not by our holding in this case, pass upon it, directly or indirectly.
Two questions are presented on this appeal. Appellant City argues that the ordinance is valid because the legislative act is unconstitutional. Appellee, on cross-assignment, argues the lower court erred in failing to allow attorney’s fees to its attorney.
We dispose of the latter question first.
We find no merit in Appellee’s contention that it is entitled to have the City pay its attorney for representing it in this action. The decree of the chancellor, therefore, with respect to this matter was without error.
 As to the first question, the action of the Legislature in limiting the application of Chapter 469, F.S.A. to cities of over 7,500 population was clearly within the legislative field, particularly when we consider the subject matter with which it was concerned. The fact that the act does not apply to all cities and towns of the state does not, within itself, render the statute unconstitutional. See Gandy v. Borras, 114 Fla. 503, 154 So. 248, and the cases there cited. Holding, therefore, as we do, that Chapter 469, F.S.A. is a valid and constitutional law, it follows that Section 2 of the ordinance under attack, being clearly in conflict with the act itself, must fall. The decree appealed from is therefore,
Affirmed.
TERRELL, ROBERTS, THORNAL and O’CONNELL, JJ., concur.
THOMAS, J., agrees to the conclusion.
HOBSON, J., not participating.