THOMAS, Justice.
This litigation was started 10 January 1956 by a group of individuals, corporations, and associations who are engaged in or interested in the plumbing business in the city of Hollywood. The plaintiffs prayed for a decree declaring Sec. 23 of Ordinance No. 1387 invalid and enjoining the city from issuing permits to septic tank contractors to do certain work defined in the ordinance.
After a thorough hearing the chancellor granted a permanent injunction and this appeal followed.
In the preamble to the ordinance, which was adopted 2 August 1955 as an emergency measure, it was stated that in obedience to a mandate of the people, a sanitary sewer system “for various and sundry sections” of the city was under construction and that it was necessary to promulgate rules regulating the connecting of the sewer lines of existing homes with the new system. The ordinance contains twenty-six sections setting up a sanitary code and dealing generally with conditions under which the system could be used and connections with it made.
There is no occasion to detail the many provisions of the ordinance as the attack was concentrated on Sec. 23. It was provided in that section that all work of connecting existing drains with the new sewers should be done by duly registered plumbers, but that during the first year of operation of the system this work could be performed by “any person, firm or corporation licensed in the City” to install septic tanks. There were two exceptions: (1)-connections made with cast-iron soil pipe were required to be made by licensed plumbers, and (2) the main drains of buildings, the construction of which was begun after the new system came into use, were required to be installed by licensed plumbers.
Under Sec. 469.01, Florida Statutes 1955,. and F.S.A. no one can engage in the business of plumbing, in cities of 7,500 population or more, without a certificate, and by Sec. 469.05, Florida Statutes 1955, and F. S.A., cities in that category are required to establish rules regulating plumbing and such work is forbidden unless a permit is-issued authorizing it.
The purpose of Sec. 23, supra, was to give septic tank contractors, who themselves must qualify to do their work, the right to make connections with the sewer system and unquestionably its enactment was motivated by the enormity of the task of switching the sewage from 3,200 houses using septic tanks to the new sewer system within the 90 days fixed by the ordinance as the period within which the change-over was required to be made, computed from the time the new sewer line became accessible.
As the appellant points out Chapter 469, Florida Statutes 1955, and F.S.A., contains no definition of “plumbing” and as-the law places upon municipalities of a stated population the duty of promulgating rules, it seems logically to follow that these municipalities may by the establishment of such rules define the business activities to which they apply. If the word “plumbing” is given a definition too broad, it might, as appellant suggests, embrace even the laying of trunk and lateral lines and, certainly, it would not be reasonable to hold that contractors engaged in that work had to be qualified plumbers.
*62 The able chancellor came to the view the appellees now advance. He recited the certification by the Bureau of the Census, 19 May 1955, that Broward County had a population of 159,052 according to the returns of a special census taken about 7 April 1955. This was the census taken to determine if the population was such that the appointment of additional circuit judges was authorized. He then referred to Chapter 29633, Laws of Florida, Acts of 1955, F.S.A. § 26.16(2), containing the provision that “The official count of the population of the counties of Broward and Palm Beach [the counties comprising the Fifteenth Judicial Circuit where the census was being taken to determine whether additional judges could be appointed under Sec. 45 of Article V of the Constitution, F.S.A.] as made and taken in the year 1955, or subsequent years thereto, whichever census is the last, by the Federal Bureau of the Census, or the Commissioner of Agriculture of the State of Florida, as certified to the respective Boards of County Commissioners of said counties, is hereby provided for and shall be the official census of the inhabitants of each county.” (Italics supplied.)
The chancellor concluded that Sec. 553.-12, Florida Statutes 1955, and F.S.A., pertaining to the exclusion of certain counties from its operation having been amended in 1955 to provide for exclusion “according to the last official census,” and the special census having been declared an official one, Broward County, in which Hollywood is situated, therefore, came under the act which is called “ ‘Florida plumbing control act of 1951’ ” F.S.A. § 553.01 et seq. and the definition of plumbing appearing in that act applied, so the septic tank contractors were engaged in plumbing without qualifying as plumbers. And the chancellor further applied the sanitary code adopted in accordance with Chapter 381, Florida Statutes 1953, and F.S.A., because of the provision in Sec. 553.06, that “Chapter VIII of the Florida state sanitary code * * * is hereby adopted as the state plumbing code and all installations * * to plumbing shall * * * be performed in accordance with its provisions.”
So, by linking the relevant provisions of Chapters 381, 469 and 553, supra, he came to the view that what the septic tank contractors were doing was plumbing which they, qualified only to work with septic tanks, could not lawfully do. But when we examine Chapter VIII, supra, we find only definitions and we discover no regulation with reference to the manner in which plumbing shall be done or the qualifications of those who may do it.
From the record before us, we do not know whether any rules have been adopted under Sec. 381.031(1) (g), Florida Statutes 1955, and F.S.A., that would supersede “ordinances * * * enacted by municipalities,” Sec. 381.071, Florida Statutes 1955, and F.S.A., on the qualifications of plumbers, so it seems we get no assistance from Chapter 381 in deciding this litigation.
As we have said, the route to Chapter 381 lay through Chapter 553 and the applicability of that chapter must depend upon the effect of Chapter 29633, all supra, to transform the census taken in two counties for a certain purpose into a census that would take Broward County out of the exemption provision of Sec. 553.12, supra. We think this was not accomplished. Under Sec. 5 of Article VII of the Constitution the legislature was relieved of the duty of securing an enumeration of the inhabitants of the state and by that part of the Constitution each decennial federal census beginning with the one of 1950 was declared to be a state census and to “control in all population Acts and constitutional apportionments, unless otherwise ordered by the Legislature.”
We do not find in this provision authorization for legislative enactment, deciding retrospectively that a census taken in two *63 counties for the purpose of determining whether or not the appointment of additional circuit judges was authorized, could be adopted as a census to bring one of the counties into the field of operation of a population act. See Sproul v. State ex rel. Smith, 153 Fla. 892, 16 So.2d 109.
After wending our way through the three chapters, we conclude that we deal only with definitions after we leave Chapter 469, supra, and until we return to it, and that we must, in the present state of the statutes and the information we gather from the record, rely on that chapter to decide whether or not the city commission could validly enact Sec. 23 of Ordinance 1387, supra.
As we have indicated, the persons installing septic tanks are required to pass an examination before they can make their installations, and their work must pass inspection.
We note in Sec. 469.04, Florida Statutes 1953, and F.S.A., that those engaging in plumbing are classified as master plumbers and journeyman plumbers. Both classes, as well as the persons installing septic tanks, doubtless perform work that constitutes plumbing under the broad, general understanding of that word. To repeat, all are examined before being permitted to engage in the work, and the work of all is supervised by the city.
It seems to us that the city may recognize all three under the power granted by Sec. 469.05, supra, and that it would not be logical to hold that the septic tank installers should be isolated, that the work done by them should be declared plumbing, and that they, therefore, should be prevented from making the connections under the limitations of the ordinance.
We assume that public health is being safeguarded by the municipal authorities through examinations given septic tank contractors as well as plumbers and by the supervision of their work, though the work in extent and importance is not the same; and that a septic tank contractor need not be as fully trained in the work of plumbing as one who operates in all sectors of that field.
We must, although relunctantly, disagree with the chancellor and reverse the decree.
TERRELL, C. J., and ROBERTS, THORNAL and O’CONNELL, JJ., concur.
HOBSON and DREW, JJ., dissent.