SHANNON, Chief Judge.
The appellants, plaintiffs below, who are licensed Master and Journeyman Plumbers, bring this appeal from a final decree in favor of the appellees, defendant and in-tervenor-defendant below, denying plaintiffs an injunction and dismissing their complaint which sought to hold invalid an ordinance of the City of Fort Lauderdale, Florida.
The issue herein may be stated as it was framed by the chancellor below:
“Does the work of installing and connecting the building sewer between the building drain and the public sewer lateral constitute, plumbing within the purview of Chapter 469, Florida Statutes, so as to preclude the performance of such work by general engineering contractors who are not licensed under said statute ?”
The ordinance that plaintiffs below sought to have held invalid is Sec. 37-11 of the Code of Ordinances of the City of Fort Lauderdale, which reads as follows:
“SECTION. 1. That Section 37-11 of the Code, pertaining to only master plumbers being permitted to make connections between buildings and the sanitary sewers of the City be amended so that said section, as amended, shall be and does read as follows:
“Sec. 37-11. Same — Only master plumbers and general engineering contractors permitted to make connections.
“(a) Only persons having been issued by the city a master plumber’s certificate or a general engineering contractor’s certificate shall be permitted to make connections with the sanitary sewers of the City of Fort Lauderdale, under such conditions as are provided in this chapter; provided, however, that no permit shall be issued to a general engineering contractor to make the connections described in this section unless such general engineering contractor shall first be approved and deemed competent by the Plumbing Contractors’ Examining Board.
“(b) This Examining Board shall have the right to conduct a special examination of the qualifications of a general engineering contractor to make such sewer connections between private *870 buildings and the property line, if said board deems it necessary.
“(c) Connections made by master plumbers or by general engineering contractors, after City sewer mains and laterals are completed, are limited to those made on private property. All connections to the City’s sanitary sewer mains and all lateral lines from the sewer main to the property lines shall be made by the City’s Sewer Distribution Department at the expense of the owner, on a time and material basis.
“(d) Nothing herein shall authorize the cancellation of a general engineering license presently held.”
The final decree of the chancellor states that the parties were in agreement that the installation of the building drain (that part of the waste-carrying pipe within the building and to a point five feet outside the building) may be done only by licensed Master Plumbers, and that they were further in agreement that the installation of the public sewer in the public right-of-way and the laterals from the public sewer to the individual lot lines should be done by licensed engineering contractors and not by plumbers. In other words, as stated by the chancellor, the dispute involves which trade or trades shall install the “building sewer”, which is the run of pipe between the building drain and the public sewer lateral, including making the connection at the two terminal points.
Chapter 469, Fla.Stat., F.S.A., requires that all plumbing work in cities with 7500 or more population, and with a system of water supply or sewerage, be done only by licensed plumbers; but said chapter contains no definition of what constitutes plumbing. It is further provided in that chapter that cities within its purview shall adopt rules in connection therewith, and the City of Fort Lauderdale has adopted such ordinances, including the instant ordinance.
• The chancellor relied largely on the Florida Supreme Court case of City of Hollywood v. Bair, Fla. 1957, 93 So.2d 60. The appellants allege that the Bair case is not controlling, and rely heavily upon the case of City of Coral Gables v. Seiferth, Fla. 1956, 87 So.2d 806. In addition, the appellants cite us to the case of Lasseter v. Dade County Board of Rules and Appeals, 1962, 19 Fla.Supp. 191, a Circuit Court decision which was on appeal to the Third District at the time the briefs were filed. In tracing this decision, we find that the same case, styled as Headley v. Lasseter, Fla.App.1962, 147 So.2d 154, has been decided by the Third District, but unfortunately it was not decided on the particular question involved here, and it therefore will be disregarded.
In the Bair case, the Supreme Court said:
“As the appellant points out Chapter 469, Florida Statutes 1955, and F.S.A., contains no definition of ‘plumbing’ and as the law places upon municipalities of a stated population the duty of promulgating rules, it seems logically to follow that these municipalities may by the establishment of such rules define the business activities to which they apply. If the word ‘plumbing’ is given a definition too broad, it might, as appellant suggests, embrace even the laying of trunk and lateral lines and, certainly, it would not be reasonable to hold that contractors engaged in that work had to be qualified plumbers.”
In the Bair case the Supreme Court reversed the chancellor below, who had held that the ordinance of the City of Hollywood was in violation of Chapter 469, Fla.Stat., F.S.A. The Supreme Court held that the municipality had the power to authorize persons other than plumbers to perform the work involved so long as the public health of the citizenry was being safeguarded by means of certain standards which were imposed upon those persons performing the work. There was a dissent in the Bair case, concurred in by two members of the *871 Supreme Court. It is interesting to note that the Bair case was decided after the case of City of Coral Gables v. Seiferth, supra. And it will be noted that in the instant case the public health is adequately safeguarded by the provision in the ordinance allowing the installation of building sewers by general engineering contractors, since they were required to 1) pass an examination, 2) have their competency to install building sewers approved by the Plumbing Contractors’ Examining Board, and 3) have their work pass the same rigid inspection by the City that the plumbers’ work must pass.
The chancellor’s opinion expressed the thought that he would uphold the ordinance where reasonably possible to do so, and cited from our case of City of Wilton Manors v. Starling, Fla.App.1960, 121 So.2d 172, where Judge Allen, speaking for the court, said, in part:
“In passing upon the validity of a municipal ordinance, a construction should be accorded thereto so as to render the ordinance legal, if possible, and the reviewing court should construe it so as to give a reasonable effect to its provisions. City of Miami v. Kayfetz, Fla.1957, 92 So.2d 798. The courts of this and other states are always reluctant to declare a municipal ordinance invalid in view of the principle that the citizens of a municipality through their local legislative body should be permitted to determine what regulatory measures are needed for their own self-government * *
It is the opinion of this court that Sec. 37-11 of the Code of Ordinances of the City of Fort Lauderdale should be upheld, and, nothing appearing in the record to prevent the general engineering contractors from doing the work designated in Sec. 37-11, we think the ordinance should be sustained.
Affirmed.
ICANNER, J., and WIGGINTON, JOHN T., Associate Judge, concur.