DREW, Chief Justice.
The petition for certiorari here asserts that the decision of the District Court[1] is in direct conflict with City of Coral Gables v. Seiferth, a decision of this Court. The essence of petitioners’ argument is stated in their brief as follows:
“The heart of this certiorari is that when the Second District Court of Appeal affirmed the Decree below on the ground that:
“ ‘The Supreme Court held fin City of Hollywood v. Bair] that the municipality had the power to authorize persons other than plumbers to perform the work involved so long as the public health of the citizenry was being safeguarded by means of certain standards which were imposed upon those persons performing the work’ (A. 37)
*796 the Second District Court of Appeal was giving an erroneous interpretation to the decision of this Court in City of Hollywood v. Bair because the holding of this Court was limited to work not plumbing — the holding was, con-formably to the decision of this Court in the earlier City of Coral Gables v. Seiferth case—that if plumbing work were involved the municipality must license under and conform to Chapter 469.
“The decision of the District Court of Appeal, Second District, which Petitioners seek to have reviewed, creates a real and embarrassing conflict of opinion and authority between it and City of Coral Gables v. Seiferth and City of Hollywood v. Bair.”
The Coral Gables[2] case presented for consideration in this Court two questions. The first related to the propriety of awarding attorneys fees and that Chapter 469, F.S.A. was unconstitutional. We held in that case that attorneys fees were not allowable and that Chapter 469 was constitutional. Neither question is involved in the District Court decisions under consideration here. On the question of whether the connection of a building with the system of sanitary sewers then under construction was plumbing within the contemplation of Chapter 469, supra, we observed: “[T]his question is not present in this appeal and we do not by our holding in this case, pass upon it, directly or indirectly.”
In the Bair case[3] we held simply that persons licensed to install septic tanks who passed an examination as a prerequisite to installing such connections and whose work was subject to city inspection, as well as Master and Journeyman plumbers (recognized under Chapter 469 as authorized to do so), were lawfully authorized to install such connections under the city ordinance and that such ordinance was not offensive to Chapter 469. This Court said: in that case:
“It seems to us that the city may recognize all three [master plumbers, journeyman plumbers and licensed septic tank installers] under the power granted by Sec. 469.05, supra, and that it would not be logical to hold that the septic tank installers should be isolated, that the work done by them should be declared plumbing, and that they, therefore, should be prevented from making the connections under the limitations of the ordinance.”
We hold the District Court in the case here under consideration correctly decided the issues before it in accord with the two-decisions discussed here.
The writ is discharged.
ROBERTS, THORNAL, O’CONNELL, and CALDWELL, JJ., concur.

. Jones v. City of Fort Lauderdale, et al. (DCA 2d), 154 So.2d 868.

. 87 So.2d 806.

. City of Hollywood v. Bair, FIa.1957, 93 So.2d 60.