### 1393.   LAND *v.* THE STATE.

Where the same room or premises is occupied both as a place of business and for residential or other private use, the proprietor can not lawfully keep intoxicating liquors there during any of the hours when the place is open for business, or when members of the public are admitted therein. During those hours in which the place is closed to public access and all business has ceased, and the room or premises is devoted to no other than private use, intoxicating liquors may be kept there, provided they are not allowed to remain there upon the reopening of the place for business.

Accusation of keeping intoxicating liquors at place of business, from city court of LaGrange—Judge Harwell. August 15, 1908.

Argued October 8,—Decided October 26, 1908.

*W. A. Jones, Isaac Jackson,* for plaintiff in error.

*Henry Reeves, solicitor,* contra.

POWELL, J.   The defendant conducted a shop in which he mended shoes for the public. He carried on the transactions connected with his employment there, making it a place of business, within the purview of the *Roberts* case, 4 *Ga. App.* 207 (60 S. E. 1082). There was but one room, and, as he slept there at night, this also constituted his residence. According to the proof, he kept a little whisky there, and occasionally sold some of it.

He was convicted of keeping intoxicating liquors at his place of business.

The real contention of the plaintiff in error is succinctly stated in the following sentence culled from the motion for a new trial: "The keeping of liquor in a place which constitutes both the residence or home and the place of business of a person does not constitute the offense as contemplated by the statute." We rule this: Where the same room or premises is occupied both as a place of business and for residential or other private use, the proprietor can not lawfully keep intoxicating liquors there during any of the hours when the place is open for business, or when members of the public are admitted therein. During those hours in which the place is closed to public access and all business has closed and the room or premises is devoted to no other than private use, intoxicating liquors may be kept there, provided they are not allowed to remain there upon the reopening for business. See *Tooke* v. *State,* 4 *Ga. App.* 495 (61 S. E. 917). The mere circumstance that the doors were closed would not be conclusive of privacy; nor the fact that they were open, of publicity. The doors might be closed merely to cloak or facilitate a keeping that would violate the spirit and the purpose of the law; on the other hand, the circumstances might be such that, despite the fact that the house was open, no criminality would follow; for example, if the place had a sole occupant, as in the present case, and he became sick in bed, so that his business necessarily ceased, and the doctor prescribed both fresh air and whisky, we think he might keep the door open and also keep on hand the whisky; but these are rare cases. If the defendant's statement that he was an old Confederate soldier, that he suffered from old wounds received at Gettysburg, and, under a physician's advice, merely kept on hand at night a little whisky to alleviate his sufferings, and that he sold none of it, were the truth of the case, he would not have been convicted. If the jury had convicted him, Judge Harwell would have made the fine so light as to make it equivalent to an acquittal. And if Judge Harwell had not done so—well, judges should not admit that they could be sufficiently tempted to rape the law, so we will not say what we would have done. But the record does not bear him out. Even an old soldier should not run a "blind tiger."         *Judgment affirmed.*