## 2663.　CANTRELL *v.* THE STATE.

The private operating room of a practicing dentist, prima facie, is not a public place of business, within the terms of the general prohibition law of 1907, Acts 1907, p. 81; Penal Code (1910), § 426.

DECIDED FEBRUARY 7, 1911.

Certiorari; from Henry superior court—Judge Reagan. April 27, 1910.

*C. L. Redman,* for plaintiff in error.

*J. W. Wise, solicitor-general,* contra.

RUSSELL, J. The defendant was convicted in the county court of Henry county of the offense of keeping intoxicating liquor at his place of business, and sued out writ of certiorari to the superior court. From the answer of the judge of the county court, as amended upon traverse filed thereto, the testimony appears to have been that the defendant was a practicing dentist, who subrented office space from a physician. The physician had three rooms,—

the first a general reception room, which was used by patients
of the doctor and patients of the dentist alike; another room was
retained by the doctor for his exclusive use in the treatment of
his patients; the third room, which was used by the doctor as
a dispensatory and repository for his medicines, was also occupied
by an operating chair of the dentist and was used by him in treat-
ing his patients.  According to the evidence, so far as the dentist
was concerned, it was his private room for operating upon dental
patients, just as the room which laterally adjoined it was the phys-
ician's private office in which he treated his patients.  Both of
these offices in which the patients were treated opened into the
reception room in which patients were received and in which they
remained while awaiting their turn for treatment.  So far as
appears from the record, the reception room of the doctor of
medicine, which was also used by the dentist as a reception room
for his patients, might be called a public place of business.  On
a certain Sunday the doctor found, in the office used as an operat-
ing room by the dentist, a bottle partly filled with whisky, and
turned it over to the sheriff  On another occasion he found in
the same room a small bottle containing some whisky.  As to
these facts there is no dispute in the testimony, the doctor testify-
ing that when he spoke to the dentist about the whisky, the latter
admitted, in the presence of the sheriff, that it was his.  The
sheriff did not remember what admission was made by the de-
fendant at that time, and in fact he testified that he did not re-
member if the defendant made any statement as to the ownership
of the whisky in question.  Granting that the whisky was found
in the office of the defendant, that he stated that it was his, and
that as a matter of fact it was his property, did the evidence show
that the whisky that was found in the dentist's private operating
room was found in a public place of business?

The determination of the issues raised in this case depends upon
the answer to the question, was the place where the whisky was
found a public place of business?  We think not; and for that rea-
son we think that the judge of the superior court erred in over-
ruling the certiorari.  Under the ruling in *Roberts* v. *State, 4 Ga.
App.* 207, 213 (60 S. E. 1082), the term *"place of business,"* as
used in the prohibition statute, means "a place where the public
generally are expressly or implicitly invited for the purpose of

transacting business with the owner." It is pointed out in the *Roberts* case that in other jurisdictions the term "public·place," as a general rule, includes any place which for the time being is made public by the assemblage of people who go there with or without invitation and without restraint. Under the ruling in that case, the reception room involved in the case at bar, might, in one sense, be a public place, but the office which the doctor permitted the dentist to occupy with his dental chair and for performing dental operations privately, though the room was also used by the doctor as a dispensatory in which he compounded his medicines, does not seem from the record to have been proved to be a public place of business, within the meaning of the prohibition statute. As pointed out in the *Roberts* case, there is a manifest distinction between a place of business to which the public are impliedly invited, and the private office of a dentist, where each particular patient is treated apart from others and in the privacy of the operating room. Prima facie, the operating room of a dentist is not such a place of business as is included within the terms of the general prohibition law; and in the present case the defendant does not appear to have had such undivided personal dominion and control over the reception room, as his place of business, as to bring the case under the ruling in *Bashinski* v. *State,* 5 *Ga. App.* 3 (3), 5 (62 S. E. 577).

For these reasons we think the evidence is insufficient to support the conviction of the defendant, and that the certiorari should have been sustained. *Judgment reversed.*