### 4112.   FRAZIER v. THE STATE.

Where intoxicating liquor is kept in a room apparently used solely as a bedroom and adjoining the owner's place of business, he can not be convicted of keeping such liquor on hand at his place of business, unless it appears that the room was used not in good faith, solely as a place of abode, but as a convenient cover or subterfuge for keeping the liquor for use in connection with his business.  Where in such a case the evidence as to the real purpose for which the room is being used is in conflict, and a finding that it was being used as a part of the place of business, and for an illegal purpose, is dependent upon inference, it is error to charge: '"If one elects to make his place of abode at his place of business, then the keeping on hand of spirituous, malt, or intoxicating liquors is a violation of the law."

DECIDED MAY 7, 1912.

Accusation of misdemeanor; from city court of Americus—Judge Hixon.  December 2, 1911.

*C. R. Winchester, J. B. Hudson,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.

POTTLE, J.  The prohibition law is very broad, but not sufficiently so to prevent one from keeping intoxicating liquors in his private residence for a lawful purpose.  The phrase "place of business," as used in the statute, has been defined by this court to be "a place where the public, having business with the owner, are impliedly or expressly invited for its transaction." *Roberts* v. *State,* 4 *Ga. App.* 207 (60 S. E. 1082).  See also *Cantrell* v. *State,* 8 *Ga. App.* 725 (70 S. E. 96).  In *Jenkins* v. *State,* 4 *Ga. App.* 859 (62 S. E. 574), the expression was defined to mean "a place devoted by the proprietor to the carrying on of some form of trade or commerce."  One may have his residence or place of abode near by or adjoining his place of business, but he can not keep intoxicating liquors on hand in such residence if he uses it in connection with his place of business or as a convenient adjunct thereto, and expressly or impliedly invites the public to use it as a part of his place of business. *Jenkins* v. *State,* 4 *Ga. App.* 3 (62 S. E. 574) ; *Smith* v. *State,* ante, 90 (74 S. E. 711).  Indeed, one may use the same room both as a place of business and as a place of abode, and when it is closed to the public as a place of business the room may be employed for any purpose for which any other residence may lawfully be used. *Land* v. *State,* 5 *Ga. App.* 98 (62 S. E. 665).  The true question in all such cases is:  Was the room or apartment in good faith being used solely as a residence or place of

abode at the time the whisky was being kept there, or was it merely a cloak or cover or pretext, and really used for the purpose of having the whisky convenient to the main place of business and for the benefit of persons who have business with the owner?

In the present case the accused had a grocery store. Adjoining, and separated from the store by a thin partition which did not extend to the top, was another room, where he slept. This room had in it articles of furniture usually found in a bedroom. The only way to enter the bedroom was by a door from the store. Several pints of whisky were found by the officer in a valise on the floor in the bedroom. There was also evidence that whisky had been seen in the main storeroom, but it does not clearly appear when this was. The accused admitted having the whisky in his bedroom, but claimed he kept it for his personal use, and that the room was used solely as a place of abode. He denied ever having kept whisky in the store. The judge charged the jury as follows: "If one elects to make his place of abode at his place of business, then the keeping on hand of spirituous, malt, or intoxicating liquors is a violation of the law." This was not an accurate statement of the law, and was not adjusted to the facts of the case. As was pointed out in *Land's* case, supra, one might keep whisky in a place while it was being used solely as a residence, even though at other times it was used as a place of business. It is a close question whether the jury could properly find in this case that the bedroom was being used in connection with and as a part of the place of business. The charge complained of practically amounted to an instruction to the jury that the bedroom was a part of the defendant's place of business. The jury should be allowed to say whether or not sufficient facts and circumstances were proved to warrant the inference that the room in which the whisky was found was not used in good faith, solely as a bedroom, but was merely a convenient cover and subterfuge for carrying on an illegal traffic in whisky, or keeping it and using it to induce trade. If it was, the law would deem the room so much a part of the place of business as to make the accused guilty. But if the room was a bona fide residence and the accused kept whisky there for a lawful purpose, the mere proximity of the room to the store would not alone be sufficient to make the room a part of the place of business. In view of the evidence, the charge complained of was not

a fair statement of the law, and for this reason alone a new trial is ordered. The other assignments of error are without merit.

*Judgment reversed.*