**LEATHA M. FLEEMAN v. JAMES T. VOCELLE,** as Director of the State Beverage Department of the State of Florida.

37 So. (2nd) 164                                    June Term, 1948
October 19, 1948                              Special Division B

*Thomas H. Anderson,* for appellant.

*Patton & Kanner,* for appellee.

SEBRING, J.:

This is an appeal from an order granting a motion to dismiss a bill for declaratory judgment, entered by the Circuit Court of Dade County in favor of the State Beverage Director and against the appellant.

In the bill of complaint it is averred that the appellant is the owner and operator of a restaurant in a building located

on the boundary line separating the territorial limits of the City of Miami and the unincorporated area of Dade County. All of the building lies outside the city limits and in the County, with the exception of a small combination dining room and bar of approximately 16 x 24 feet in dimensions, which lies within the City. This combination dining room and bar is 2100 feet from an established school.

Section 561.44(1) Florida Statutes 1941, F.S.A. grants to incorporated cities and towns the power to establish zoning ordinances restricting the location wherein vendors may conduct businesses for the sale of intoxicating beverages. Pursuant to such statute the City of Miami has enacted a zoning ordinance which permits the issuance of a beverage license for the sale of intoxicating beverages on the premises where such premises are not less than 300 feet from an established school. By virtue of this ordinance the appellant holds a license issued by the City of Miami and the State Beverage Department for the sale of intoxicating beverages. The appellant desires to sell and serve intoxicating beverages, not only to persons in the combination dining room and bar lying within the City but also to persons who may be frequenting other parts of the building, and to set up a "service bar" for such purpose in that portion of the restaurant lying in the unincorporated area of Dade County. The State Beverage Director has refused to grant the appellant permission to sell alcoholic beverages to patrons in the restaurant building at places other than the combination dining room and bar, because of the existence of a statute of the State of Florida which provides that "No license . . . shall be granted to a vendor, in the territory lying without the limits of incorporated cities or towns, whose place of business is within twenty-five hundred feet of an established church or school . . ." Section 561.44(2) Florida Statutes 1941, F.S.A.

We find no error in the ruling made by the trial court under the facts set forth in the bill of complaint. It is admitted by the pleadings that the entire building in which the appellant's restaurant business is being conducted is located within 2500 feet of an established school, and that only that small portion which houses the combination dining room and

bar is inside the corporate limits of the City of Miami. The plain meaning of section 561.44(2) Florida Statutes 1941, F.S.A. is that no liquor license shall be issued to a vendor in territory outside the limits of an incorporated city or town where the business to which the license is to apply is within 2500 feet of an established church or school. That portion of the building housing the appellant's place of business to which she desires to extend the sale and service of intoxicating beverages is within such prohibited distance.

A municipality possesses only such power with respect to the regulation and control of alcoholic beverages as is given such a municipality by the legislature. Except for the fact that under section 561.44(1), supra, incorporated cities and towns are vested with the power to adopt zoning regulations restricting the location of vendors of alcoholic beverages and that under such law the City of Miami has adopted an ordinance authorizing the issuance of licenses to vendors within the municipality whose places of business are less than 2500 feet from an established church or school, the appellant would not be entitled to a liquor license even for that portion of the building now occupied as a combination dining room and bar. There being nothing in section 561.44(1) supra, to indicate that the legislature intended that a city should have power to extend the license privilege to a place of business lying wholly or partially outside its corporate limits and within an area prohibited by section 561.44(2), supra, the existence of such power will not be presumed.

The decree appealed from is affirmed.

It is so ordered.

THOMAS, C. J., ADAMS, and BARNS, JJ., concur.