59 So.2d 511 (1951)
SIMPSON
v.
GOLDWORM.
Supreme Court of Florida, en Banc.
June 19, 1951.
On Rehearing June 13, 1952.
Hoffman, Kemper & Johnson and Ben Shepard, Miami, for appellant.
Albert M. Lehrman and Ben Cohen, Miami Beach, for appellee.
ROBERTS, Justice.
This is an appeal from the final judgment in a habeas corpus proceeding by which the appellee, Sol Goldworm, was released from the custody of the appellant, as Chief of Police of the City of Miami Beach, Florida. The facts and circumstances are, briefly, as follows:
In July of 1935 the City Council of the City of Miami Beach passed and adopted an ordinance, No. 391, providing, among others, for the licensing by the city of liquor establishments, prescribing the license fees, and regulating the hours of sale in such establishments. By Ordinance No. 402, adopted in October of that same year, the City was divided into districts and the method of sale of alcoholic beverages in each district was prescribed. In District "F", with which we are here concerned, the sale of liquor was prohibited except from "service bars" in bona fide restaurants. A "service bar" was defined therein as "A bar or counter used in connection with the operation of a bona fide restaurant, situated in the kitchen or some room where guests are not allowed to enter, but not situated within a room or that portion of said bona fide restaurant wherein food is served to guests; wherein drinks are prepared solely for the purpose of service to and consumption by guests of said restaurant, seated at tables within the room or portion of said restaurant wherein food is served to said guests."
*512 The appellee was issued a city license as a "retail vendor selling beverages consumed on the premises, regardless of alcoholic content," as required by Ordinance No. 391, for a location in District "F" of the City of Miami Beach. As heretofore noted, Ordinance No. 402 prohibited the sale of liquor in this district except from "service bars" in bona fide restaurants. It appears, however, that for some years liquor had been sold in appellee's premises from an open bar without objection by the city. In February of 1950, appellee obtained from the City Council permission to have stricken from his license the words "this license for service bar only," and in September of 1950 he was issued a license which did not contain the restrictive words. The appellee then proceeded to convert a portion of his premises into a package store under a building permit from the city and it is alleged, under an opinion of the City Attorney that he was authorized to do so. He operated the package store and open bar until December 13, 1950, at which time the City Council revoked his license. He was arrested on January 1, 1951, charged with selling liquor in District "F" from an open bar and package store and, also, with selling liquor without a license.
The appellee thereupon filed a petition for writ of habeas corpus, alleging, among others, that the above-mentioned provisions of Ordinance No. 402 were unconstitutional and void, and setting forth the foregoing facts. The Writ was granted, the appellant filed his Return thereto, and after a hearing was had by the Court, the appellee was released and discharged from the custody of the appellant. This appeal from the final judgment of discharge has been perfected.
The principal question here presented is stated by the appellant as follows: "Does a municipality have the power to regulate the sale of liquor within its corporate limits so as to be able to validly create zones wherein the use of licenses to sell liquor are restricted as to method of sale?"
The Legislature has not, by general law, specifically authorized the municipalities of this state to regulate the "method of sale" of alcoholic beverages within their corporate limits; and this court has many times held that a municipality has only such power respecting the regulation and control of alcoholic beverages as is given it by the Legislature. See Singer v. Scarborough, 155 Fla. 357, 20 So.2d 126; City of Miami v. Kichinko, 156 Fla. 128, 22 So.2d 627; Fleeman v. Vocelle, 160 Fla. 898, 37 So.2d 164.
The State Beverage Act, Chapters 561 and 562, Florida Statutes 1949 F.S.A., does, however, expressly authorize the municipalities to regulate the sale of liquor within their corporate limits by establishing zoning ordinances "restricting the location wherein a vendor licensed under § 561.34 may be permitted to conduct his place of business". Section 561.44, Florida Statutes 1949, F.S.A. And the Act also expressly reserves to the municipalities the right "to enact ordinances regulating the hours of business and location of places of business, and prescribing sanitary regulations therefor," of any licensee under the Act. Section 562.45, Florida Statutes 1949 F.S.A. It is contended by the appellant that Ordinance No. 402 does not specify how liquor may be sold; that it simply regulates the sale of liquor "by restricting the use of a liquor license as regards location of the place of dispensing alcoholic beverages, to wit: that in `F' District the location of the place of dispensing alcoholic beverages must be inaccessible to the public;" and that the restriction to sales from "service bars" in District "F" is only "a regulatory use of a liquor license as to the place of sale of liquor" and, as such, authorized under Sections 561.44 and 562.45, supra.
We cannot so construe these statutes. Construed in accordance with its common ordinary meaning, a "place of business" can only mean the entire premises to which the public generally is expressly or impliedly invited for the purpose of transacting business with the owner. See Jenkins v. State, 4 Ga. App. 859, 62 S.E. 574; Cantrell v. State, 8 Ga. App. 725, 70 S.E. 96. Or, as stated in McCall v. State ex rel. Daniels, 156 Fla. 437, 23 So.2d 492, 494, "a `place of business' is *513 simply a location where business is transacted or, as it is defined in Oxford English Dictionary, `a shop, office, warehouse, commercial establishment.'" As used in Sections 561.44 and 562.45, supra, a "place of business" means the entire premises to which the liquor license is issued, and not the particular place within such premises where the liquor is actually dispensed.
Moreover, for the purpose of the payment of his state and county license tax, the appellee is classed among those vendors who "operate places of business where consumption on the premises is permitted." By the provisions of Section 562.10, Florida Statutes 1949, F.S.A., such vendors are expressly authorized to "sell the beverages herein defined by the drink or in containers for consumption on or off the premises where sold." Thus, even though the City might be able to justify the "inaccessability" provisions of Ordinance No. 402 as a reasonable regulation under some legislative authority expressly or impliedly granted to it  which we do not here decide  it cannot deprive the appellee of the right to sell alcoholic beverages in the manner prescribed by general law, to wit: either "by the drink or in containers for consumption on or off the premises where sold," in the absence of special statutory authority to do so.
Since it has not been made to appear that the City of Miami Beach was authorized to restrict vendors in the class of appellee to sales from "service bars" only, the provisions of Ordinance No. 402 attempting so to do are invalid and of no effect. The revocation of appellee's license being without valid basis in law, there was no error in the judgment appealed from, and it is hereby
Affirmed.
SEBRING, C.J., and TERRELL and ADAMS, JJ., concur.
CHAPMAN, J., dissents
THOMAS and HOBSON, JJ., not participating.

On Rehearing.
PER CURIAM.
A rehearing having been granted in this cause and the same having been further considered upon the record and upon briefs and argument of counsel for the respective parties; it is thereupon ordered and adjudged by the Court that the judgment of the Circuit Court in this cause be and it is hereby reaffirmed and adhered to on rehearing. It is so ordered.
Affirmed.
SEBRING, C.J., and TERRELL, ROBERTS and MATHEWS, JJ., concur.
CHAPMAN, J., dissents.
THOMAS and HOBSON, JJ., not participating.