ROBERTS, Chief Justice.
This is an appeal from an order of the Circuit Court of Dade County entered in mandamus proceedings filed by the appel-lee, Traina, against the appellant, the City of Miami Beach.
By his suit, the appellee sought to compel the City to issue to him a retail vendor’s liquor license to operate a Service Bar in connection with his restaurant. The alternative writ issued, as prayed. In its Return thereto, the City alleged that the number of unrestricted retail vendor’s liquor licenses authorized by its Code on the basis of population, had already been issued; that it was without authority to restrict the sale of alcoholic beverages to Service Bars only under the decision of this court in Simpson v. Goldworm, Fla., 59 So.2d 511, and that, unless the Service Bar limitation was imposed, the City could not issue the license requested by ap-pellee, as to do so would exceed the quota prescribed ’by its Code. The lower court held that the appellee’was entitled to the issuance of the license and entered a peremptory writ requiring the City to do so. This appeal followed.
Of prime importance in the instant case are the allegations in the City’s Return to the Alternative Writ that the provisions of its ordinances providing for the sale of alcoholic beverages from Service Bars and requiring that licenses issued for such *861 sales should bé excluded in computing the number of retail vendor liquor licenses authorized to be issued in accordance with the population requirements of its Code, Chapter 15, Article “I” of the Code of the City of Miami Beach, 1950, were “specifically authorized by the Legislature;” as well as the statement in its brief that “These ordinances were adopted pursuant to Chapter 24710, Special Acts of 1947, as amended by Chapter 26032, Special Acts, 1949.” It should also be noted that the City admitted in its Return that the restaurant and Service Bar for which the appellee sought a liquor license complied with the requirements of its Code respecting sales from Service Bars. But, as noted above, it contended that the opinion of this court in Simpson v. Goldworm, supra, 59 So.2d 511 precluded a compliance with appel-lee’s request.
In Simpson v. Goldworm, we were concerned with an appeal from a judgment in habeas corpus proceedings in which the. appellee attacked the validity of the ordinances here in question, for a violation of' which he was restrained of. his liberty; and we affirmed the judgment of the lower court in holding, under the authority of City of Miami v. Kichinko, 156 Fla. 128, 22 So.2d 627, that in the absence of special legislative authority, the City of Miami Beach could not regulate the method of - sale of intoxicating liquors by providing for the sale thereof from Service Bars only; and that since there was no showing of such specific authority, the holder of a valid state license to sell intoxicating liquor at-retail could not be limited to sales from Service Bars only. Such decision was correct on the state of the record, as it was made here and in the , lower court, since, in that case the Special Acts above referred to, Chapters 24710, Special Acts 1947, and 26032, Special Acts 1949, were not presented to the lower court and were not considered by it in its determination of the question of the validity of the ordinance; they were nowhere mentioned in the briefs filed in this court on the main appeal from the judgment in that case; and it was not until a petition for rehearing was filed in this court that the City strongly urged that the Special Acts above referred to were authority for the enactment by the City of the ordinances in question. In accordance with the settled rule of this court, we declined to hold the lower court in' error on a question which was not presented to it and as to which it had made no determination, and which was injected into the case for the first time on appeal.
In the instant case, the situation is entirely different, as has been shown. The lower court had the right to find that the Special Acts, Chapters 24710 and 26032, supra, by necessary implication, if not expressly, granted to the City the right to regulate the method of sale of alcoholic beverages from Service Bars, despite our holding in the Simpson case, in which the question of the force of such Special Acts was not properly presented and was not, therefore, decided. This being so, and the appellee having shown that his restaurant and Service Bar came within the provisions of the ordinances in question, he was entitled to the license applied for and' it was the duty of the City to issue it to him. The peremptory writ requiring the City to do was not, therefore, error.
For the reasons stated, the judgment appealed from should be and it is" hereby
Affirmed.
TERRELL, SEBRING and MATHEWS, JJ., concur.