121 So.2d 172 (1960)
CITY OF WILTON MANORS, Florida, a Municipal Corporation, et al., Appellants,
v.
J. Frank STARLING et al., Appellees.
No. 1401.
District Court of Appeal of Florida. Second District.
May 20, 1960.
Rehearing Denied June 20, 1960.
*173 Frank B. Akerman and Mildred S. Akerman, Fort Lauderdale, for appellants.
Warren O. Windle, Fort Lauderdale, for appellees.
ALLEN, Chief Judge.
This is an appeal from a final order of the lower court holding a municipal ordinance of the appellant city invalid.
The facts are not in dispute and sole question on appeal is the validity of the subject ordinance.
On December 18, 1956, appellant enacted ordinance No. 74 relating to the retail sale of alcoholic beverages. Section 1 of the ordinance defined "Restaurant Bar" and among other items, required that such a bar be a service bar and prohibited bar stools at such bar.
Subsequent to the enactment of the above ordinance, a special license for the retail sale of alcoholic beverages for consumption on the premises was issued on December 18, 1958, by the appellant to Manor Flame Restaurant and Lounge, Inc., which is owned and operated by the appellee. On February 12, 1959, the State and Broward County issued a special license for consumption of alcoholic beverages on the premises to appellees.
On February 20, 1959, appellee was arrested for violating ordinance No. 74 in that appellee operated a restaurant bar in the Manor Flame Restaurant and Lounge and permitted patrons to be served alcoholic beverages while occupying bar stools at the bar. Appellee filed a suit for declaratory decree seeking to have ordinance No. 74 declared invalid.
After a hearing on the cause, the lower court entered a final decree holding ordinance No. 74 invalid by stating:
"Section I thereof is hereby determined to be invalid for the reason that it is in contravention of the State statutes pertaining to the authority of municipalities to regulate and control the sale of alcoholic beverages. The authority for this Order is City of Miami v. Kichinko, 22 So. 630. (sic)" [156 Fla. 128, 22 So.2d 627]
Ordinance No. 74 is entitled:
"An ordinance amending Ordinance No. 7 to define `Restaurant Bar' and re-defining `Hotel Bar' and amending the provisions for the requirements and operation of bars holding the aforementioned licenses and for the transfer of said licenses."
Section I, which was declared invalid by the lower court, supra, provides:
"`Restaurant Bar' means a bar operated in connection with a restaurant and by the same owner or management, and in a business zoned area, which restaurant has all necessary equipment and supplies for and serves full course meals regularly and where the principal business is the serving of meals and having accommodations at all times for service of 200 or more patrons at tables and occupying more than 4,000 square feet of space. The restaurant bar must be directly connected *174 with such dining room, must be a service bar for patrons of such restaurant, and no stools shall be permitted at such bar and intoxicating liquors must be sold by the drink only from said bar. No package goods shall be sold from said bar, nor shall a package store be permitted upon the premises. Only one restaurant bar, license as provided in Ordinance No. 7, Section .02, Sub. (2), Sub. (c), permitted to be operated at such location in connection with such dining room, and such license cannot be moved to new location, and must be issued in the name of the owner or management. Such license, or any renewal thereof, must be marked `Special'. The sale of beers, wines and liquors shall be prohibited except during the time the restaurant is actually engaged in and open to the public for the service of full course meals. No sign of any kind or character shall be displayed on the restaurant or bar visible from the outside, denoting that alcoholic beverages are sold therein."
In passing upon the validity of a municipal ordinance, a construction should be accorded thereto so as to render the ordinance legal, if possible, and the reviewing court should construe it so as to give a reasonable effect to its provisions. City of Miami v. Kayfetz, Fla. 1957, 92 So.2d 798. The courts of this and other states are always reluctant to declare a municipal ordinance invalid in view of the principle that the citizens of a municipality through their local legislative body should be permitted to determine what regulatory measures are needed for their own self-government. State ex rel. Harkow v. McCarthy, 126 Fla. 433, 171 So. 314; City of Tacoma v. Keisel, 68 Wash. 685, 124 P. 137, 40 L.R.A.,N.S., 757.
In order to be upheld the ordinance must have been enacted within the powers of the municipality and be reasonable, equal, and impartial in operation. It is fundamental, however, that municipal ordinances are inferior in status and subordinate to the laws of the state. Accordingly, an ordinance must not conflict with any controlling provision as principle of law, and if any doubt exists as to the extent of a power attempted to be exercised which may affect the operation of a state statute, the doubt is to be resolved against the ordinance and in favor of the statute. See City of Coral Gables v. Seiferth, Fla. 1956, 87 So.2d 806; Ex parte Wise, 141 Fla. 222, 192 So. 872; 23 Fla.Jur. Municipal Corporations, sec. 93.
Municipal ordinances in the field of legislation affecting the subject of alcoholic beverages have presented difficult problems to the courts as to when and to what extent the state has pre-empted this legislative area. In City of Miami Beach v. State ex rel. Patrician Hotel Co., 145 Fla. 716, 200 So. 213, the court held that a municipality, under its police power, has the power to enact reasonable regulations concerning the sale of alcoholic beverages. It may also regulate other acts in conduct of such business which do not directly pertain to the sale thereof. Sec. 168.07, F.S.A.; City of Miami v. Kayfetz, supra.
The case of City of Miami v. Kichinko, 156 Fla. 128, 22 So.2d 627, cited by the lower court as authority for its holding the ordinance invalid, involved an ordinance which limited the number of liquor licenses which could be issued on the basis of population of the City of Miami. Although this case was decided prior to the enactment of Chapter 23746, Laws of Florida 1947, one of many amendments to sec. 561.20, the basis of the court's decision rested on the principle that municipalities possess only such power as is conferred by express or implied provisions of law and that the Legislature, in enacting the State Beverage Law, intended to inhibit all powers of a municipality over the subject of intoxicating liquors, except those powers specifically enumerated therein. Upon that *175 basis the court held the Miami ordinance invalid.
In Simpson v. Goldworm, Fla. 1952, 59 So.2d 511, 512, the question before the court was: Does a municipality have the power to regulate the sale of liquor within its corporate limits so as to be able to validly create zones wherein the use of licenses to sell liquor are restricted as to method of sale? Prior to discussing the zoning aspect of the case, the court unequivocably stated:
"The Legislature has not, by general law, specifically authorized the municipalities of this state to regulate the `method of sale,' of alcoholic beverages within their corporate limits; and this court has many times held that a municipality has only such power respecting the regulation and control of alcoholic beverages as is given it by the Legislature. See Singer v. Scarborough, 155 Fla. 357, 20 So.2d 126; City of Miami v. Kichinko, 156 Fla. 128, 22 So.2d 627; Fleeman v. Vocelle, 160 Fla. 898, 37 So.2d 164."
The Court then concluded that since the City of Miami Beach had made no showing that it was authorized to restrict vendors in the class of Goldworm to sales from "service bars" only, the provisions of the Miami Beach ordinance attempting to do so were invalid and of no effect.
The Court noted in City of Miami Beach v. Traina, Fla. 1954, 73 So.2d 860, that its holding in Simpson v. Goldworm, supra, was correct on the state of that record. But since, in the Traina case, the city made a showing that Special Acts 1947, ch. 24710 as amended Special Acts 1949, ch. 26032, gave it, by necessary implication, if not expressly the right to regulate the method of sale from "service bars," the prior holding of Simpson v. Goldworm would not be a bar to such municipal regulation and, therefore, the zoning ordinance was upheld.
In the instant case it is clear that Ordinance No. 74, Section I, of the ordinances of the City of Wilton Manors was an attempt to regulate the method of sale by the restaurant bars in that it would require such bars to use their facilities for serving alcoholic beverages as service bars only. Under the holdings set forth herein, before such regulation by the City of Wilton Manors could be valid it must be shown that by proper legislative action the city has been authorized to enact such regulations. In the absence of such a showing by the city and for the reasons set forth herein, the judgment of the lower court holding the subject ordinance invalid is hereby affirmed.
Affirmed.
KANNER and SHANNON, JJ., concur.