Carl L. MAYHUE, doing business as
Mayhue's Super Liquor Store,
Appellant,

v.

CITY OF PLANTATION, FLORIDA,
Appellee.

No. 22945.

United States Court of Appeals
Fifth Circuit.

March 30, 1967.

Rehearing Denied May 17, 1967.

Richard E. Reckson, Eugene C. Heiman, Heiman & Heiman, Miami, Fla., for appellant.

James J. Linus, McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, Fla., for appellee.

Before JONES, WISDOM and GOLDBERG, Circuit Judges.

448

GOLDBERG, Circuit Judge:

Appellant Carl L. Mayhue, d/b/a Mayhue's Super Liquor Store, possessing dual licenses from the State of Florida and the City of Plantation authorizing the sale of alcoholic beverages in packages for consumption *off* premises,[1] and operating a liquor package store within the corporate limits of appellee, filed this action under 28 U.S.C.A. §§ 1331, 2201, and 2202, requesting that an injunction be issued against the City of Plantation, Florida prohibiting the enforcement of Ordinance No. 257 [2] and seeking to recover damages from the city resulting from enforcement of the Ordinance. After testimony of the first witness, who established monetary damages, the action below was dismissed, on the ground that as a matter of law Ordinance No. 257 did not create an arbitrary classification or discriminate against appellant and therefore did not violate the equal protection clause of the fourteenth amendment.[3] We disagree.

## I.

■ In passing upon the validity of a municipal ordinance, every effort is made to construe the ordinance as legal, in view of the principle that citizens through their local legislature are best suited to determine what regulatory measures are needed for their self-government. State ex rel. Harkow v. McCarthy, 1936, 126 Fla. 433, 171 So. 314; City of Wilton Manors v. Starling, Fla. App.1960, 121 So.2d 172. Such legislative declarations concerning public condi-

1. Fla.Stat.Ann. § 562.09 (1962) provides that package store vendors licensed under § 561.34(3) are restricted exclusively to package sales; whereas § 562.10, the regulation for consumption on premises, provides that such vendors may sell alcoholic beverages either by the drink *or* by the package.

2. Ordinance No. 257 provides in pertinent part as follows:
   "Section 31. *Hours of Sale Prohibited*
   A. Any person, firm or corporation, or any employee thereof, who sells or offers for sale * * * any liquor, beer or wine, regardless of alcoholic content, *for consumption off the* premises, said liquor, beer or wine, regardless of alcoholic content * * * on *Sundays between the hours of 4:00 A.M. and 2:00 P.M.*
   B. Any person, firm or corporation, or any employee thereof, who sells or offers for sale any liquor, beer or wine, regardless of alcoholic content, *for consumption on the premises,* said liquor, beer or wine, regardless of alcoholic content * * * on *Sundays between the hours of 4:00 A.M. and 8:00 A.M.*" (emphasis added)

3. At trial, the following colloquy took place before hearing on the evidence:
   "MR. HEIMAN: * * * (Counsel for Plaintiff)
   Is the Court saying that you are holding, as a matter of law, that it is lawful for a city to permit alcoholic beverages to be sold in a bar at 10:00 o'clock on Sunday morning while, at the same time, prohibiting them from being sold to the same class of persons in a package store?
   THE COURT:
   That's right.
   MR. HEIMAN:
   Is the Court making that holding?
   THE COURT:
   Yes, I make that holding based upon my knowledge of the law as it has been considered in the State of Florida and the law is based simply on this: The line of demarcation is one of Florida and not of the Federal Courts. Namely, Florida says that because of the industry of Florida, which is the tourist industry, which we are all aware of, they permit tourists, under certain restrictions, which are written in the ordinances and laws, tourists at hotels and clubs and places like that—restaurants, night clubs, ever since I have known of it—they have permitted them to sell at different hours than COP premises.
   They said, in their *their* theory of regulation, that a man can wait up to 4:00 o'clock, that is enough for him to buy a bottle.
   The theory, as I have heard it argued, is that if he can leave the bar and go out and buy a pint of whiskey, he is going to get drunk, and perhaps that is not very good. But in a hotel Mr. Jones is paying $40 a day and he wants a drink sent up to his room. And if he wants to go down and have one, even at breakfast, that is consonant with the affairs of tourism and would not endanger Mr. Jones falling into space or running over somebody with his automobile. That is the theory behind it."

tions and necessities are entitled to great respect, Block v. Hirsh, 256 U.S. 135, 154, 41 S.Ct. 458, 459, 65 L.Ed. 865, 870 (1920), but they are not sacrosanct. As the Supreme Court said in Chastleton Corp. v. Sinclair, 264 U.S. 543, 547, 44 S.Ct. 405, 406, 68 L.Ed. 841, 843, when faced with construing the validity of a rent control order.

> "We repeat what was stated in Block v. Hirsch [Hirsh] * * * as to the respect due to a declaration of this kind by the legislature * * *. But * * * a court is not at liberty to shut its eyes to an obvious mistake, when the validity of the law depends upon the truth of what is declared."

In order to be upheld, the attempted classification or regulation must have been enacted within the powers of the municipality and must be reasonable, and impartial in operation. City of Wilton Manors v. Starling, supra. It must, moreover, accomplish the purpose for which it was created without undue discrimination. Morey v. Doud, 354 U.S. 457, 465, 77 S.Ct. 1344, 1350, 1 L.Ed.2d 1485, 1491 (1957).

The State of Florida has expressly reserved to its incorporated municipalities the power and right to regulate the hours and location of the sale of intoxicating liquors within the corporate limits of such municipality.[4] This reservation, however, has been held not to include the right of a municipality to regulate the *method* of sale of alcoholic beverages. In Simpson v. Goldworm, 1952, 59 So.2d 511, the court was faced with a zoning ordinance which adversely affected the right of vendors holding consumption on premises licenses by regulating the precise method of sale within those premises. When declaring the Ordinance invalid, the court stressed the fact that a dealer holding a consumption on premises license is expressly authorized by statute to sell liquor by the drink or in containers for consumption *on or off the premises* and that a municipality through its police power cannot deprive such vendor of the right to sell alcoholic beverages in the manner prescribed by general law without special statutory authority to do so. The municipality could regulate the hours of opening and closing, but could not regulate the commodity to be sold when the premises were permitted to be open. Legislation with respect to the commodities to be sold is within the domain of the state and has not been reposed in the municipalities of Florida. Accord, City of Wilton Manors v. Starling, supra, where another attempt by a municipality was made to regulate the method of sale by restaurant bars which hold consumption on premises licenses and was declared invalid.

▮ The sale of intoxicating liquor, moreover, is not a brigandage business. It has been historically and legislatively legitimized and is within the constitutional pale and protection. This Court, in Hornsby v. Allen, 5 Cir. 1964, 330 F.2d 55, 56, held that:

> "The liquor business is like any other business in that the state is limited in its regulation of it by due process and equal protection requirements, although the peculiar nature of the business warrants the imposition of severe limitation on liquor traffic and tight restrictions on those persons engaged in it."

▮ Appellee here contends that Ordinance 257 was a reasonable classification between on and off premise sales of alcoholic beverages and, therefore, was a valid hour regulation authorized pursuant to Fla.Stat.Ann. § 562.45 (1962). The Ordinance, in its disputed portion, purported to prevent Sunday package sales by prohibiting sale of liquor for consumption *off* premises between the hours of

---

4. Fla.Stat.Ann. § 562.45 (1962) provides in part:

"Nothing in the beverage law contained shall be construed to affect or impair the power or right of any incorporated municipality of the state hereafter to enact ordinances regulating the hours of business and location of place of business, and prescribing sanitary regulations therefor, of any licensee under the beverage law within the corporation limits of such municipality."

4:00 A.M. and 2:00 P.M., while permitting bars, which hold consumption *on* premises licenses, to offer liquor for sale after 8:00 A.M. on Sundays.[5] Since the effect of Ordinance No. 257 is to permit the public to purchase packaged goods from establishments possessing consumption on premises licenses after 8:00 A.M. on Sunday and to consume the packaged goods off the premises, while requiring appellant to remain closed until 2:00 P.M. on Sunday, Appellant claims that the Ordinance creates an arbitrary classification and thus deprives him of equal protection as guaranteed by the fourteenth amendment. The arbitrary discrimination involved in Ordinance No. 257 is, we believe, patently obvious.

In Morey v. Doud, supra, the Supreme Court considered the Illinois Community Currency Exchange Act, which excepted the American Express Company from the requirement that any firm selling or issuing money orders in the state must secure a license and submit to state regulation. The objection was raised that this exception results in a denial of the equal protection of the laws guaranteed by the fourteenth amendment to those who are subjected to the Act's requirements. In holding the Act invalid as applied to others because of this discriminatory exception, the Court considered at length the equal protection clause, began with the proposition that the clause does not go beyond the invidious discrimination, and set out the following rules for testing a discrimination:

"1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." Id., 354 U.S. at 463, 77 S.Ct. at 1349, 1 L.Ed.2d at 1490.

That the equal protection clause does not require that every state regulatory statute apply to all in similar businesses is a truism. Morey v. Doud, supra. It is equally true, however, that the statutory discrimination must be based on differences that are reasonably related to the purposes of the Act. In Smith v. Cahoon, 283 U.S. 553, 51 S.Ct. 582, 75 L.Ed. 1264 (1930), the Supreme Court held a state statute invalid which required motor vehicles operating on local highways as carriers for hire to furnish bonds or insurance policies for protection of the public against negligent injuries but which excepted vehicles carrying specified products. The Court emphasized that the statutory purpose could not reasonably support a distinction between those who carry exempt products like farm products and those who carry regulated products. "So far as the statute was designed to safeguard the public with respect to the use of the highways, we think the discrimination it makes * * * was wholly arbitrary, and constituted a violation of the appellant's constitutional right. 'Such a classification is not based on anything having relation to the purpose for which it is made.'"

---

5. There can be no dispute that vendors licensed by the state for the sale of alcoholic beverages for consumption on premises (bars, restaurants, clubs, etc.) are legally entitled to sell alcoholic beverages both for consumption on or off the premises during the times when, pursuant to Fla.Stat.Ann. § 562.14(3) (1962), they are permitted to be open for business by the incorporated municipality in which they are located. See statutes cited note 1 infra.

Id., 283 U.S. at 567, 51 S.Ct. at 587, 75 L.Ed. at 1274.

The statutory purpose of Ordinance No. 257, involved in the case at bar, similarly cannot reasonably support a distinction between the hours during which a bar, restaurant, or the like can sell packaged goods for consumption off premises and the hours during which a package store can sell those very same goods. The court below took judicial notice of the fact that the legislative purpose was the encouragement of tourism,[6] although there is some evidence that the motivating forces behind the Ordinance were numerous incidents of Sunday drunkenness and disorderly conduct in the vicinity of the package stores. In any event, it is difficult to see how tourism or law and order are affected adversely if the liquor package is bought in a consumption on premises establishment or in a package store only establishment. The goods could be consumed off premises in both cases. If a man can buy a bottle in either place, the evil, if any, is not cured by closing one, and access to criminality is not thereby obviated. We think appellant has sustained his burden of proof under *Morey,* supra, to the effect that Ordinance No. 257 creates an arbitrary classification and is invalid as applied to him.

## II.

In view of the remand of this case, it is not inappropriate to comment on appellant's claim for damages. Federal jurisdiction here derives from 28 U.S.C.A. § 1331, although any cause of action and recovery of damages must be grounded on R.S. § 1979, 42 U.S.C.A. § 1983.[7] This statute, along with its companions, 42 U.S.C.A. §§ 1981 to 2000h–6, has had an anguished and storied history in our jurisprudence, but we find undeviating consistency in the ruling that a municipality, acting in its sovereign capacity, is not liable under the statute to an individual for damages arising from such acts. In Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), an unreasonable search and seizure case involving a claim for damages by an individual against Chicago police officers and the city of Chicago, the Supreme Court held that municipal corporations are not within the scope of § 1983, which makes every "person" acting under color of statute, ordinance, regulation, etc. liable to an individual for deprivation of rights. Pointing to explicit pages of legislative history accompanying the statute, which confirm that municipalities occupy an enclave of no liability, the Court said:

> "The City of Chicago asserts that it is not liable under § 1979. We do not stop to explore the whole range of questions tendered us on this issue at oral argument and in the briefs. For we are of the opinion that Congress did not undertake to bring municipal corporations within the ambit of § 1979."

6. The trial court took judicial notice of "facts" without legal justification. See n. 3, supra. Judicial notice implies obviousness, certainty beyond argument or cavil and should not be used on matters outside the record unless the facts are of universal notoriety or capable of certain verification. A judge is not to use, under the guise of judicial knowledge, those facts that he may know only as an individual observer outside the courtroom. See e. g. Brown v. Piper, 91 U.S. 37, 42, 23 L.Ed. 200, 201 (1875); 9 Wigmore, Evidence, § 2569 (3d ed. 1940). Even the New York Public Library is not the repository of judicial knowledge, Alvary v. United States, 2 Cir. 1962, 302 F. 2d 790. Here, there was no evidence to the effect that the statutory justification was provision for tourism, a fact of which the court took judicial notice. Rather, at the pretrial conference, counsel for the city grounded the statute on the use of police power for regulation of law and order. This was not a proper subject for judicial notice.

7. 42 U.S.C.A. § 1983 (1871) provides:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress. R.S. § 1979."

The case of Williford v. People of California, 9 Cir. 1965, 352 F.2d 474, 476, which involved a suit brought under the Civil Rights Act against the state of California for damages resulting from alleged harassment of state prisoners exercising the Black Muslim religion, reaffirmed the time-worn principle of municipal and state immunity with these words: "A municipal corporation is but a political subdivision of a state, and if a state's political subdivisions are not 'persons' under the statute, then neither is the state."

Judge Holmes, speaking for our circuit in Charlton v. City of Hialeah, 5 Cir. 1951, 188 F.2d 421, 423, a similar case concerning an unlawful arrest where the City of Hialeah was sued for damages, said:

"We are unable to find any indication that the civil-rights statute was intended by Congress to create such a liability on the part of the municipality itself, as distinguished from the 'person' who committed the acts which deprived the plaintiff of his civil rights. It was not intended by the 14th Amendment and the civil-rights statute that all matters formerly within the exclusive cognizance of the states should become matters of national concern. A construction such as that sought by the appellant would find a violation of federal rights in every departure from local or state law by local or state officers. Every illegal discrimination by a policeman on the beat would be state action for the purpose of suit in a federal court."

Accord, Harvey v. Sadler, 9 Cir. 1964, 331 F.2d 387; Hewitt v. City of Jacksonville, 5 Cir. 1951, 188 F.2d 423. Compare United States v. Alabama, 362 U.S. 602, 80 S.Ct. 924, 4 L.Ed.2d 982 (1960), holding that, under the Civil Rights Act of 1960, the federal court had jurisdiction to entertain an action against the state for *declaratory* and *injunctive* relief to prevent race discrimination in voting.

Florida state law is in accord with the federal law on which we rely on the issue of a municipality's immunity from damages caused by enforcement of its unconstitutional ordinances. In Elrod v. City of Daytona Beach, 1938, 132 Fla. 24, 180 So. 378, 381, 118 A.L.R. 1049, the court clearly stated that such a damage claim against the city is not supportable.

"The almost unanimous weight of authority is against holding the municipality liable for the enforcement of an unconstitutional or void ordinance. We feel that reason also is in line with the authorities. The city is exercising purely governmental powers and in performing governmental duties conferred on it by the Legislature should not be subject to any greater liability than the Legislature."

Even where liability was imposed on a municipality in a wrongful death action, Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, the *Elrod* case was distinguished because the municipality was there exercising a quasi-legislative function. Accord, City of Green Cove Springs v. Donaldson, 5 Cir. 1965, 348 F.2d 197; Modlin v. Washington Avenue Food Center, Fla.App.1965, 178 So.2d 596. A city should not be called upon at its peril to engage in the complexities of constitutional consideration. Council members are not required to be lawyers. They have not intentionally passed an unconstitutional ordinance. They may have been misinformed or unlearned, but even judges have been held wrong and unlearned by their judicial superiors.

Remanded for proceedings consistent herewith.