QUESTIONS: 1. May the City of Indian Rocks Beach regulate the hours of business of vendors of intoxicating liquors? 2. May the city establish special hours of business for one particular vendor whose business is "frequented by younger people and is disturbing to the neighborhood due to loud noises late at night"?
SUMMARY: Pursuant to Ch. 166, F.S., the Municipal Home Rule Powers Act, and s. 562.45(2), F.S., the City of Indian Rocks Beach may regulate the hours of business of the vendors of intoxicating liquors. The City of Indian Rocks Beach may establish classifications in regulating the hours of business of liquor vendors, but such classifications must be reasonably and practicably related to the achievement of the purposes for which the sale of intoxicating liquors is regulated. AS TO QUESTION 1: In AGO 074-319 this office ruled that, pursuant to Ch. 166, F.S., the Municipal Home Rule Powers Act (Ch. 73-129, Laws of Florida), and s. 562.45(2), F.S., municipalities may continue to regulate the location of the sale of intoxicating liquors. According to the view expressed therein, such regulatory power is derived from s. 168.07, F.S. 1971, repealed by Ch. 73-129 which is preserved in effect by s. 5(2) of Ch. 73-129. Section 168.07 provided in part that municipalities "may regulate and restrain tippling, barrooms, and all places where beer, wine or spirituous liquor of any kind is sold. . . ." See also s. 562.45(2) which provides that Nothing in the beverage law contained shall be construed to affect or impair the power or right of any incorporated municipality of the state hereafter to enact ordinances regulating the hours of business and location of place of business, and prescribing sanitary regulations therefor, of any licensee under the beverage law within the corporate limits of such municipality. The only statutory limitation imposed on the exercise of such municipal regulatory power — a limitation which was not discussed in AGO 074-319 since no question was presented with respect thereto — is that which is established by s. 563.02(1)(a), F.S. According to that section, vendors holding licenses for the sale of malt beverages containing alcohol of more than 1 percent by weight for consumption off the premises "shall not be subject to zoning by municipal and county authorities." Cf. AGO 062-123. With respect to the instant inquiry, I am of the opinion that the reasoning of AGO 074-319 is equally applicable to the municipal regulation of the hours of business of vendors of intoxicating liquors. Thus, pursuant to Ch. 166, F.S., the Municipal Home Rule Powers Act, and s. 562.45(2), F.S., the city council of the City of Indian Rocks Beach may regulate the hours of business of vendors of intoxicating liquors located within that city's municipal boundaries. AS TO QUESTION 2: According to your letter, there is one particular liquor vendor in the City of Indian Rocks Beach which is "frequented by younger people and is disturbing to the neighborhood due to loud noises late at night." You inquire as to whether the city council may establish hours of business for that liquor vendor which are different from the hours established for other liquor vendors. In City of Miami v. Cohen, 47 So.2d 565, 566
(Fla. 1950), it was stated that a municipality . . . has a wide discretion in classifying such liquor vendors and may enact restrictions and regulations to that end, so long as such restrictions and regulations are on a reasonable and practicable basis as to each classification sought to be regulated. See also City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957); City of Wilton Manors v. Starling, 121 So.2d 172 (2 D.C.A. Fla., 1960). Consistent with the above-quoted language, the city council of the City of Indian Rocks Beach could establish classifications in regulating the hours of business of liquor vendors. Such classifications, however, would have to be reasonably and practicably related to the achievement of the purposes for which the sale of intoxicating liquors is regulated; and no liquor vendor in a particular classification should be singled out for treatment which is different from that afforded other liquor vendors in the same classification. The question as to whether this "reasonable relation" test would be met in the situation you describe is a factual determination which is more properly made in judicial proceedings. Therefore, aside from making the foregoing general comments, I cannot render a definitive answer to your second question.