No. 48,741

WARREN WOODS, d/b/a HILL TOP CLUB, IRENE M. DERNOVISH, d/b/a SHAMROCK INN, WALLACE WILBANKS, d/b/a CURLEY'S LOUNGE, MARIE J. LAWSON, d/b/a DEW DROP INN, BRUCE D. BILLINGS, d/b/a ANCHOR INN, BERNARD A. KORPIERZ, d/b/a B & N POLISH PALACE, HARVEY FREDRICKS, d/b/a BROOKS TAVERN, BILL JOHNSON, d/b/a 32 WEST, VIRGIL LEE RODGERS, d/b/a VIRGINIA INN, 7TH SPIRIT INC., d/b/a 7TH SPIRIT, HARRY MOON, ROBERT E. ZIBELL, JR. d/b/a THE BALCONY, *Appellants,* v. CURT SCHNEIDER and THOMAS J. KENNEDY, *Appellees.*

(581 P.2d 390)

Opinion filed July 21, 1978.

*Phillip A. Miller,* of McCaffree & Grimshaw, Chartered, of Olathe, argued the cause, and *William Grimshaw,* of the same firm, was with him on the brief for the appellants.

*William Schutte,* assistant attorney general, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellees.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the plaintiffs from an adverse judgment entered by the district court in a declaratory judgment action. The sole question is whether K.S.A. 1975 Supp. 41-2601(b)(3) violates the equal protection clause of the Fourteenth Amendment of the Constitution of the United States and § 1 of the Bill of Rights of the Constitution of Kansas.

Plaintiffs are holders of class B club licenses, issued by the Director of Alcoholic Beverage Control of the Kansas Department of Revenue, pursuant to K.S.A. 1975 Supp. 41-2601(b)(3). None of the plaintiffs' clubs are located on the premises of a hotel. Plaintiffs commenced this action to secure a judicial determination that the proviso contained in K.S.A. 1975 Supp. 41-2601(b)(3) is unconstitutional. The statute reads in applicable part as follows:

"A class B club shall consist of a premises operated for profit by a corporation, partnership or individual, known as the management, to which premises the management allows persons, known as members, to resort for the consumption of food and/or alcoholic beverages and for entertainment. As a prerequisite for

attaining membership the management must screen the applicants for good moral character. No membership may be granted within ten (10) days of the application therefor. Each membership must be renewable annually upon payment of the annual dues of at least ten dollars ($10): *Provided, however,* Any class B club located on the premises of a hotel as defined in K.S.A. 36-101 may establish rules whereby guests registered at said hotel, who are not residents of the county in which said club is located, may file application for temporary membership in said club, which membership, if granted, shall only be valid for the period of time that they are a bona fide registered guest at said hotel. Said temporary membership shall not be subject to the waiting period or dues requirement contained in this section."

Plaintiffs contend that the proviso of the statute which authorizes the granting of temporary memberships by class B clubs located on hotel premises, to registered guests who are nonresidents of the county, constitutes a denial of equal protection in that it does not extend the same privilege to *all* class B clubs.

The trial court's findings and conclusions as set forth in its final order, are:

"2. The Court finds enactments of the legislature are surrounded with presumption of constitutionality and that presumption applies to the facts set out in plaintiff's petition in this case.

"3. The Court adopts the position of the Supreme Court in *Tri-State Hotel Co. vs. Londerholm,* 195 Kan. 748 at page 760 concerning the determination of the reasonableness of a classification to-wit:

'(1) A classification having some reasonable basis does not offend against Sections 1 and 2 of our Bill of Rights merely because it is not made with mathematical nicety or because in practice it results in some inequality; (2) there is no precise application of the rule of reasonableness of classification, and the rule of equality permits many practical inequalities—in a classification for governmental purposes there need not be an exact exclusion or inclusion of persons and things; (3) if any state of facts reasonably can be conceived that would sustain the Act, their existence at the time the law was enacted must be presumed; (4) within the zone of doubt and fair debate, the legislative determination is conclusive upon the court and must be upheld, and (5) one who assails the classification must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.'

"4. The Court finds that plaintiff has not met his burden under the dictates of *Tri-State Hotel Co. vs. Londerholm,* supra, in showing that the classifications complained of have no reasonable basis or that the same are arbitrary. The Court further finds that K.S.A. 1975 Supp. 41-2601(b)(3) is constitutional and within the purview of the purpose for which the legislature enacted Article 26 of Chapter 41."

Justice Owsley, in the recent case of *State ex rel. Schneider v. Liggett,* 223 Kan. 610, 616, 576 P.2d 221 (1978), said:

"Our next concern is whether the statute offends the equal protection clause. When considering this question we must first determine the proper test. Traditionally, the yardstick for measuring equal protection arguments has been the 'reasonable basis' test. The standard was set forth in *McGowan v. Maryland*, 366 U.S. 420, 425-26, 6 L.Ed.2d 393, 81 S.Ct. 1101:

" ' . . . The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. . . .'

"In *Dandridge v. Williams*, 397 U.S. 471, 25 L.Ed.2d 491, 90 S.Ct. 1153, reh. denied 398 U.S. 914, 26 L.Ed.2d 80, 90 S.Ct. 1684, it was stated:

" ' . . . If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78 . . .' (p. 485.)

"A statute comes before the court cloaked in a presumption of constitutionality and it is the duty of the one attacking the statute to sustain the burden of proof. . . ."

Are there reasonable bases for permitting hotel-based clubs the privilege of granting temporary memberships, and not permitting all other clubs to do the same? We hold that there are. To require hotel guests to pay an annual fee and wait 10 days would effectively deny them the privilege of club membership. While guests are registered at a hotel, the club located therein has an available and effective way to check on the facts of hotel registration and residence, which other clubs do not have. Enforcement of the present exception to the rule is practical; enforcement, if the exception were to be granted to all clubs, would be most difficult.

The purpose of the Kansas Liquor Control Act, of which K.S.A. 1975 Supp. 41-2601 is a part, is to define and regulate places where alcoholic beverages might be lawfully consumed within the state. *Tri-State Hotel Co. v. Londerholm*, 195 Kan. 748, 761, 408 P.2d 877 (1965). We hold that the statute here challenged is a reasonable regulatory measure.

The principal case relied upon by plaintiffs is *Mayhue v. City of Plantation, Florida*, 375 F.2d 447 (5th Cir. 1967). The facts of that case and the statute there challenged differ mightily from those at hand, and we do not find its rationale persuasive in the present context.

What plaintiffs are seeking is to have this court extend the

temporary membership privilege to off premises clubs. This lies within the legislative, not the judicial, realm.

The judgment is affirmed.