RAWLS, Judge.
Appellant Overstreet, a retail dealer in alcoholic beverages operating in Panama City under licenses issued by the State Beverage Department, filed a petition in the Circuit Court of Bay County to enjoin appellee Lee, Director of the State Beverage Department, from restricting Over-street’s right to purchase alcoholic beverages from wholesalers. The petition alleged that the Director invoked the Tied House Evil Law[1] against Overstreet pursuant to representations made by certain wholesalers that Overstreet was indebted to them. A temporary injunction was entered without notice to appellant which was subsequently dissolved and the petition dismissed for failure to state a cause of action.
Overstreet states two points on his appeal :
“1. Section 561.42, Florida Statutes, violates the United States Constitution and the Constitution of the State of Florida in that it constitutes an unlawful delegation of judicial authority, operates to deny the appellant, and • others of a similar classification, equal protection of the law, and deprives the appellant of property without due process of law, allows and fosters unlawful, arbitrary and unreasonable classification, and said statute operates as a denial of the right to trial by jury.
“2. The petition filed in the lower court contained sufficient equity to warrant the granting of equitable relief, and further, stated a cause of action for equitable relief, and the trial court erred in granting the director’s motion to dismiss the complaint, and consequently dissolving the temporary restraining order.”
Appellant devotes the major portion of his brief and argument toward the proposition that Section 561.42 requires the Beverage Department Director to determine the existence of a debt and enforcement thereof in contravention of Section 3 of the Declaration of Rights of the State of Florida, F.S.A.[2] For the sake of brevity, we shall not recite in detail the lengthy provisions of F.S. Section 561.42, F.S.A., in view of the able and detailed opinion authored by Justice Mathews in Pickerill v. Schott.[3] Succinctly, appellant urges that the Beverage Director has been designated judge, jury and enforcer for collection of debts due a wholesaler of liquors by a retailer of liquors. Section 561.42 declares as an evil the selling of liquors by a distributor to a retailer on credit extended in excess of a limited period of time. The statute places the mandatory duty upon the distributor to report the failure of payment by the retailer within said period. Upon such report being filed, the Beverage Director has the statutory duty of giving written notice to the purported delinquent retailer and require the retailer within a time certain to either pay the delinquent account or show cause why the Beverage Director should not prohibit further sales of liquors to the retailer by any distributor. In the instant cause, appellant failed to request a hearing or to pursue any administrative remedy available to him prior to filing the complaint herein.
Appellant, in his brief, candidly states: “The Appellant realizes that this argument *203 and all other arguments going to the constitutionality of the statute save that argument raising the jury trial question were presented to this Court (Supreme Court of Florida) in the case of Pickerill v. Schott, supra, and that the shadow of stare decisis threatens. The Pickerill case must either be accepted or rejected and other citations would be superfluous.” We accept the Pickerill case.
Appellant’s argument that the Beverage Director is authorized to determine and enforce the payment of a debt in contravention of the Fourteenth Amendment of the United States Constitution and Section 3, Declaration of Rights of the Florida Constitution, is without merit. The Pickerill case, although not specifically passing upon the argument advanced by appellant, clearly delved into all aspects of the constitutionality of the subject statute and held same to be valid. It is not within our province to attempt to overrule the Supreme Court of Florida.
We cannot conclude without commenting upon some of the statements made by appellant in his brief, such as: “The powerful whiskey wholesaler’s lobby had inserted in our law a much more clever and devious means of enforcing the collection of their debts * * * Yet the wholesalers and distributors of ‘John Barleycorn’ are given the special assistance of the Beverage Director in collecting their accounts. Where is the public interest necessary to support this classification? There is none!” We find that appellant answered his own arguments' when he stated in his brief: “The pros and cons of the temperance battle have long ago been discussed and put to rest. For better or worse, our state has adopted a policy fostering the legal, public retail sale of alcoholic beverages. If the banner of temperance[4] is to be waived once again, it should be done so at the polls or in the legislative halls, and not in our judicial chambers.”
The chancellor was eminently correct in finding that the bill was without equity and in dismissing same.
Affirmed.
CARROLL, DONALD K., Chief Judge,, and WIGGINTON, J., concur.

. F.S., § 561.42, F.S.A.

. Section 8, Declaration of Rights. “The right of trial by jury shall bee [be] secured to all, and remain inviolate forever.”

.Pickerill v. Schott, 55 So.2d 716 (Fla. 1951).

. We add: and the laws applicable thereto.