294 So.2d 321 (1974)
CASTLEWOOD INTERNATIONAL CORPORATION, a Florida Corporation, Appellant,
v.
Winston WYNNE, As Director of the Division of Beverage, et al., Appellees. Beer Industry of Florida, Inc., a Florida Corporation, Intervenor.
No. 43858.
Supreme Court of Florida.
April 17, 1974.
Rehearing Denied June 5, 1974.
Elizabeth J. du Fresne, of Tobias Simon and Elizabeth J. du Fresne, Miami, for appellant.
Herbert M. Klein, Miami, for appellees.
William B. Killian and Joseph P. Klock, of McCarthy, Steel, Hector & Davis, Miami, and Lee L. Willis, of Ausley, Ausley, McMullen, McGehee & Carothers, Tallahassee, for intervenor.
PER CURIAM.
This is an appeal from an order entered in the Circuit Court in Leon County, which directly passed upon the validity of Florida Statutes § 562.21, F.S.A. We have jurisdiction pursuant to Florida Constitution, Art. V, Section 3(b)(1), F.S.A.
During oral argument, counsel agreed that a determination as to the validity of the statute should be made from the record before us without the taking of further pleadings and hearings on remand.
*322 The plaintiff corporation does business as "Big Daddy's Liquors and Lounges", and is a retail vendor of liquor, wine, and beer for consumption both on and off the premises.
The primary defendant is the Director of the Division of Beverage of the Department of Business Regulation with the remaining defendants being the Division of Beverage and the Department of Business Regulation, State of Florida.
The Beer Industry of Florida, Inc., was allowed to intervene as a defendant.
Appellant filed a suit for declaratory judgment and injunctive relief seeking to obtain a declaration that Florida Statutes § 562.21, F.S.A. is unconstitutional. Said statute provides in part:
"F.S. § 562.21  Sale of beer and wine to vendors for cash only. All sales of malt brewed or vinous beverages as defined in beverage law, made by manufacturers, when distributing under the manufacturer's license, wholesalers and distributors to retail licensees must be for cash only, and cash in this instance means that delivery and payment therefor is to be a simultaneous transaction, and any maneuver, device or shift of any kind whereby credit is extended shall constitute a violation of the beverage law. Nothing herein shall be construed to permit such manufacturers to distribute to vendors under a manufacturer's license where a warehouse has been established in any county or counties from which such beverages are distributed other than the county wherein they are licensed to so manufacture." (Emphasis supplied.)
Plaintiff concedes that liquor retailers are subject to a special regulation, but asserts that the regulation under review must be rational and non-discriminatory.
Plaintiff next argues the statute's application is not rational and is discriminatory, thus causing injury to the plaintiff. Therefore this class of retail vendors of "beer and wine" are invidiously discriminated against, as alleged in its complaint:
"(a) Beer and wine vendors are subjected to a `cash only' purchase policy while vendors of `hard liquors and spirits' are statutorily granted credit up `to the tenth day after the calendar week within which such sale was made' (F.S. § 561.42, F.S.A.);
"(b) Beer and wine vendors are discriminated against in that they are treated differently, and with no rational or constitutionally permissible basis for that difference, from all other retail merchants in the denial of credit purchases of merchandise;
"(c) Beer and wine vendors are discriminated against through the intra-liquor industry classification, which subjects only the retail vendor of beer and wine to the cash purchase requirement, while arbitrarily and capriciously allowing unlimited credit from the brewery-manufacturer to the distributor and from the retailer to the individual purchaser of drinks or packaged liquor."
Plaintiff also alleges damages involved in its business (financially and through risk of personnel).
Finally, and attributing irreparable harm being imposed by the statute under review, plaintiff's prayer for its invalidity states among other things:
"(a) There is no rational basis for the difference in treatment regarding the proscription of credit sales to the class of retail vendors of beer and wine, as contrasted to (1) retail vendors of hard liquor; (2) retail vendors in other industries; or (3) other commercial entities in the liquor industry (e.g., brewery/manufacturers dealing with distributors). This baseless discrimination between classes deprives *323 Plaintiff as a member of the class of retail vendors of beer and wine, of its right to equal protection of the laws.
"(b) There is no rational basis in terms of the evils designed to be prevented by the statute  temperance and anti-monopoly  for the prescription of cash only purchases imposed by F.S. § 562.21, F.S.A. This lack of reasonable relationship between the `evils' and the legislative regulation establishes a denial of substantive due process of the laws."
The trial court promptly dismissed the case for failure to state a cause of action, thereby upholding the validity of the statute under review. This appeal followed.
The constitutional issue of the statute, sub judice, has been properly raised and we accept the challenge and invitation to answer it, with the additional pertinent observation that our State Legislature will have the opportunity to correct any destructive deficiencies found therein.
For example, the 1973 Legislative Committee on Business Regulation, Florida House of Representatives, filed a provocative report in support of the plaintiff's position.[1]
In our review we cannot ignore the commanding constitutional standards asserted by the plaintiff, in support of its position, as the proper criteria surrounding the validity or invalidity of the statute in question.
Neither are we unmindful of the decisions rendered: Pickerill v. Schott, Fla. 1951, 55 So.2d 716; Overstreet v. Lee, Fla. App. 1963, 152 So.2d 201, Mayhue's Super Liquor Store, Inc. v. Meiklejohn, 5th Cir.1970, 426 F.2d 142; and Musleh v. Fulton Distributing Company of Florida, Fla. App. 1971, 254 So.2d 815.
Quite obviously the State's authority to license for sale and dispensation of intoxicating beverages (irrespective of the designation, nature and kind) cannot condone such authority to be used in any fashion directly in confrontation with the guarantees of equal protection and/or due process afforded to all people.
In Sherbert v. Verner, 1963, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965, there appears this admonition:
"It is too late in the day to doubt that the liberties ... may be infringed by the denial of or placing of conditions upon a benefit or privilege. .. ."
In Perry v. Sindermann, 1972, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570, the U.S. Supreme Court stated:
"For at least a quarter-century, this Court has made clear that even though a person has no `right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are *324 some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes on his constitutionally protected interest...."
Next there are those cases dealing with impermissibility of inequity in conditioning governmental benefits (even privileges), in the "industries" under review: Block v. Thompson, 5th Cir.1973, 472 F.2d 587; Barnes v. Merritt, 5th Cir.1967, 376 F.2d 8; Hornsby v. Allen, 5th Cir.1964, 326 F.2d 605.
Also we must consider the effect of the language contained in Mayhue v. City of Plantation, 5th Cir.1967, 375 F.2d 447, which essentially states:
"In order to be upheld, the attempted classification or regulation must have been enacted within the powers of municipality, and must be reasonable, and impartial in operation. City of Wilton Manors v. Starling [121 So.2d 172 (4th D.C.A.Fla. 1960)]. It must, moreover, accomplish the purpose for which it was created without undue discrimination. Morey v. Doud, 354 U.S. 457, 465, 77 S.Ct. 1344, 1350, 1 L.Ed.2d 1485, 1491 (1957).
"...
"The sale of intoxicating liquor, moreover, is not a brigandage business. It has been historically and legislatively legitimized, and is within the constitutional pale and protection.
"...
"That the equal protection clause does not require that every state regulatory statute apply to all in a similar business is a truism. Morey v. Doud, supra. It is equally true, however, that the statutory discrimination must be based on differences that are reasonably related to the purposes of the Act."
Sub judice, there appears a patent invidious discrimination to those retail vendors of beer and wine. First such retail vendors are subservient to and in contrast with vendors of hard liquors who are given ten days credit (parenthetically, opposite to all other merchants of other businesses in the retail market). Second, discrimination demonstrates itself within this sole industry (beer and wine) when the retailer of such must pay cash on his purchase from the distributor, but the distributor may negotiate on credit with the manufacturer or brewery ... and the vendor may parlance a credit with the purchaser of his or its sales. Certainly, an invidious hiatus exists within the statute itself, thus creating an unjustified dichotomy in our era of 1974.
Our conclusion acknowledges the power of the Legislature to impose legitimate burdens upon licensees involved in the intoxicating beverage industry. However, such restrictions must be rationally related to the purpose in issue, as referred to and defined in our earlier cases involving the "tidehouse evil" laws, supra.
Singling out one vendor of an intoxicating beverage, as opposed to another, does not constitutionally serve or satisfy this purpose.
Accordingly, F.S. § 562.21, F.S.A., is hereby declared unconstitutional and the cause is remanded for proceedings and entry of an order consistent herewith.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, McCAIN and DEKLE, JJ., concur.
BOYD, J., dissents.
NOTES
[1] Report on the History of Florida Alcoholic Beverage Legislation, prepared by the Committee on Business Regulation, House of Representatives, 1973, Bill Andrews, Chairman, pp. 36, 38, 39:

"No reason or justification has been discovered for changing the original concept of reasonable credit to cash sales, except the obvious financial benefit to the distributors. "This is another example of subverting the original purpose of the tidehouse evil law from a law encouraging free and open competition to a law providing for restraint on competition and special privileges for the industry.
"...
The requirement that all beer and wine sales to retail licensees be for cash only does not serve any public purpose. It does not encourage competition. It, in fact, eliminates it. But it does result in enormous benefit to the wholesale beer distributor. In addition to guaranteeing one-hundred percent collection to the distributors, it made available thousands of dollars of tax receipts for use as working capital in their business ...
"It seems incredible that in addition to letting these distributors use these funds as working capital without cost, we pay them a fee of three percent per month, or thirty-six percent per annum for their effort."