324 So.2d 143 (1975)
CENTRAL FLORIDA DISTRIBUTING COMPANY, Petitioner,
v.
Charles JACKSON, As Executive Director of the Department of Business Regulation, and Edward B. Ashley, As Director of the Division of Beverage of the Department of Business Regulation, Agencies of the State of Florida, Respondents.
No. X-502.
District Court of Appeal of Florida, First District.
December 3, 1975.
Rehearing Denied January 16, 1976.
*144 Wilbur E. Brewton, of Taylor, Brion, Buker & Greene, Tallahassee, for petitioner.
Charles L. Curtis, Tallahassee, for respondents.
MILLS, Judge.
Central, a wholesale alcoholic beverage distributor, seeks review of an order of the Department of Business Regulation which affirms an order of the Division of Beverage which found that Central violated an administrative rule by leasing equipment to retail alcoholic beverage vendors for use in their businesses, and assessed a civil penalty of $2,000.00 against Central because of the violation.
The issues are (1) whether Administrative Rule 7A-4.18 contributes an invalid extension of Section 561.42, Florida Statutes; (2) whether Central's right to due process was violated when the hearing examiner considered the Division's official file, which was not introduced into evidence, in arriving at his recommendation as to the penalty; and (3) whether the penalty assessed against Central was reasonable.
The Division charged Central with leasing beer coolers to four vendors. Central moved to dismiss on the ground that Rule 7A-4.18 constituted an invalid extension of the statutory authority granted to the Division. The motion was denied.
*145 Central did not appear at the hearing before the examiner, but agreed to the admission into evidence of the Division's case report, excluding any admission of guilt. This was done. The examiner found that Central leased beer coolers to four vendors through a corporation to whom Central paid a commission for use of its name and for handling the paper work, which was in violation of Rule 7A-4.18. To assist him in recommending a penalty, the examiner reviewed the Division's official file pertaining to Central's past record. The file showed that Central had been charged with four prior violations of various rules of the Division, resulting in three warning letters and a civil penalty of $1,800.00. The examiner recommended that Central's license be suspended for twenty days.
The Division adopted the examiner's findings of fact but reduced the penalty from license suspension to a civil penalty of $2,000.00.
Section 561.42 provides that no distributor shall have any financial interest in the business of any vendor. Section 561.11, Florida Statutes, authorizes the Division to promulgate rules to carry out the purposes of the beverage law. The Division adopted Rule 7A-4.18, which provides that it shall be considered a violation of Section 561.42 for any distributor to rent any property to any vendor if the property is used in the vendor's business.
The purpose of Section 561.42 is to prohibit any financial obligation between a distributor and a vendor, thus, prevent control of retail outlets. Pickerill v. Schott, 55 So.2d 716 (Fla. 1951). The plain and specific language of Section 561.42 clearly provides sufficient standards for the adoption of Rule 7A-4.18.
Central contends that because the statute does not specifically prohibit leases, the Division lacked authority to adopt the rule before us. This has no merit. Because of ever-changing conditions, the Legislature cannot prescribe all necessary rules. Bailey v. Van Pelt, 78 Fla. 337, 82 So. 789 (1919). Here, where the business engaged in is a privilege, rather than a right, it is not essential that a specific prescribed standard be expressly stated in the legislation. Permenter v. Younan, 159 Fla. 226, 31 So.2d 387 (1947). Rule 7A-4.18 reasonably carries out the intent of Section 561.42.
Although it would have been better practice to introduce into evidence those parts of the official file reviewed, we see no harm in the examiner reviewing the file for the purpose of arriving at a just penalty. For example, in criminal cases the court reviews presentence investigative reports prepared by the Parole and Probation Commission to aid it in arriving at just sentences. In addition, Section 120.24(2), Florida Statutes, provides that where an agency order rests on official notice of a material fact not appearing in the record, a party shall on timely request be afforded an opportunity to show the contrary. Central did not take advantage of the opportunity afforded it to challenge the facts gathered from the official file, therefore, it cannot be heard to complain now.
Under the provisions of Section 561.29(4), Florida Statutes, the Division could have assessed a civil penalty of up to $4,000.00 or two times more than it assessed. Since the record reflects four prior violations of various rules, in addition to the present four violations, there was no abuse of discretion, and the $2,000.00 penalty was reasonable.
Certiorari denied.
McCORD, J., concurs.
BOYER, C.J., concurs in part and dissents in part.
BOYER, Chief Judge (dissenting in part and concurring in part).
I respectfully dissent. In my view the leasing of the equipment here involved by a distributor to a vendor is not prohibited *146 by F.S. 561.42(1). I would therefore hold that the challenged rule (Rule 7A-4.18) is an invalid extension of the statutory authority granted to the Division. In all other respects I concur with the majority. Had the hearing examiner considered information not introduced into evidence for the purpose of determining guilt I would hold such to constitute error requiring our review. However, sub judice it appears that the hearing examiner considered the challenged "evidence" only for the purpose of arriving at a recommendation as to an appropriate penalty. In so doing I concur that he did not err.