CASTLEWOOD INTERNATIONAL CORPORATION, a Florida Corporation, Plaintiff-Appellant,

v.

William SIMON, as Secretary of the Treasury of the United States, and Rex Davis, as Director of the Bureau of Alcohol, Tobacco and Firearms, Defendants-Appellees.

No. 75–4445.

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1977.

Tobias Simon, Elizabeth duFresne, Miami, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., Patricia Jean Kyle, Asst. U. S. Atty., Miami, Fla., Ronald E. Williams, Atty., ATF, Washington, D. C., for defendants-appellees.

Before THORNBERRY, GODBOLD and FAY, Circuit Judges.

PER CURIAM:

We have concluded that this appeal presents an important issue of Florida law which we believe is appropriate for resolution by the Supreme Court of Florida. Our decision in this matter will therefore be deferred pending certification of the issue to the Supreme Court of Florida.

We have requested that the parties submit a proposed agreed statement of the case and certificate of issues for decision pursuant to our general practice. *See West v. Caterpillar Tractor Co., Inc.*, 504 F.2d 967 (5th Cir. 1974). The parties have reached agreement on the statement of the case and the issue to be certified.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO RULE 4.61 OF THE FLORIDA APPELLATE RULES.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this court involves a question or proposition of the law of the State of Florida which is determinative of the cause, and there appears to be no clear, controlling precedents in the decisions of the Supreme Court of the State of Florida.[1] This court certifies the following question of law to the Supreme Court of Florida for instructions concerning said question of law, based on the facts recited herein, such case being on appeal from the United States District Court for the Southern District of Florida.

### I. STYLE OF THE CASE

The style of the case in which this certification is made is Castlewood International Corporation, a Florida corporation, plaintiff-appellant, versus William Simon, as Secretary of the Treasury of the United States, and Rex Davis, as Director of the Bureau of Alcohol, Tobacco and Firearms, defendants-appellees, Case No. 75–4445, United States Court of Appeals for the

---

1. We are aware of *Musleh v. Fulton Distributing Co. of Florida*, 254 So.2d 815 (1st D.C.A. Fla.1971), and Opinion 73–196 of the Florida Attorney General but have concluded that certification is proper because these authorities are not controlling precedent of the Supreme Court of Florida. *See* F.S.A. § 25.031 and Rule 4.61 of the Florida Appellate Rules.

Fifth Circuit, on appeal from the United States District Court for the Southern District of Florida.

## II. STATEMENT OF THE FACTS

The Plaintiff, Castlewood International Corporation, brought this action on December 10, 1974, in the United States District Court for the Southern District of Florida, seeking both declaratory and injunctive relief against the enforcement, in Florida, of ATF Ruling 74–6[2] by the Federal Bureau of Alcohol, Tobacco and Firearms.

The challenged Federal ruling was adopted by the Bureau of Alcohol, Tobacco and Firearms pursuant to 27 U.S.C. § 205(b)(3) which provides, in pertinent part:

*Unfair Competition and Unlawful Practices.*

It shall be unlawful for any person engaged in business as a distiller, brewer, rectifier, blender, or other producer, or as an importer or wholesaler, of distilled spirits, wine, or malt beverages, or as a bottler, or warehouseman and bottler, of distilled spirits, directly or indirectly or through an affiliate:

(b) "Tied house". To induce through any of the following means, any retailer, engaged in the sale of distilled spirits, wine, or malt beverages, to purchase any such products from such person to the exclusion in whole or in part of distilled spirits, wine, or malt beverages sold or offered for sale by other persons in interstate or foreign commerce, if such inducement is made in the course of interstate or foreign commerce, or if such person engages in the practice of using such means, or any of them, to such an extent as substantially to restrain or prevent transactions in interstate or foreign commerce in any such products, or if the direct effect of such inducement is to prevent, deter, hinder, or restrict other persons from selling or offering for sale any such products to such retailer in interstate or foreign commerce; . . . (3) by

furnishing, giving, renting, lending, or selling to the retailer, any equipment, fixtures, signs, supplies, money, services, or other thing of value, subject to such exceptions as the Secretary of the Treasury shall by regulation prescribe, having due regard for public health, the quantity and value of articles involved, established trade customs not contrary to the public interest and the purposes of this subsection; . . .

In 1954 Revenue Ruling 54–161[3] was issued indicating that so-called free goods, discounts, rebates, refunds, and price reductions given to retailers pursuant to an agreement made at the time of sale are merely methods used to arrive at an agreed price and as such do not come within the purview of the Federal Alcohol Administration Act. Revenue Ruling 54–161 went on to provide, however, that if free goods, discounts, rebates, etc., are such that the pricing aspect is merely a subterfuge, the transaction would constitute a "gift" within the meaning of 27 U.S.C. § 205(b)(3).

In amplification of Revenue Ruling 54–161, the Bureau of Alcohol, Tobacco and Firearms published ATF Ruling 74–6, which provided that:

in considering whether a discount is in fact a method of arriving at an agreed sales price and not a subterfuge, the Bureau holds there must be a reasonable relationship between the discount and the purpose for which it is granted, i. e., a discount given in connection with a volume purchase must bear a reasonable relationship to the savings and cost accruing to the supplier in the manufacture, sale or delivery of the product.

Although the Bureau of Alcohol, Tobacco and Firearms has amended the challenged ruling since its issuance, subsequent rulings still hold that when wholesale vendors of alcoholic beverages sell their products to retail vendors of such beverages, the sales price must bear a relationship to the "laid-in cost". Any sales price charged by a

---

**2.** ATF Rul. 6, 1974 Cum.Bull. 50.

**3.** Rev.Rul. 161, 1954–1 Cum.Bull. 338.

wholesaler below this laid-in cost is considered by the Bureau to be "merely a subterfuge, [and] the transaction would constitute a 'gift' within the meaning of 27 U.S.C. § 205(b)(3)." *Id.*

The Plaintiff, Castlewood International Corporation, is a retail vendor of alcoholic beverages and is regulated by Florida's complex, comprehensive liquor laws. F.S.A. §§ 561.01 et seq. F.S.A. § 561.42(1) provides that no licensed distributor shall "assist any vendor by any gifts or loans of money or property of any description or by the giving of any rebates of any kind whatsoever." However, under F.S.A. § 561.-42(6), wholesalers may give "trade discounts in the usual course of business" upon wine and liquor sales. The term "discounts in the usual course of business" is defined in F.S.A. § 561.01(10) to mean:

> a cash discount given simultaneously at the time of sale. The same discounts shall be offered to all vendors buying similar quantities. Any discount which is in violation of this section shall be considered an arrangement for financial assistance by gift.

Prior to the questioned ruling, wholesalers followed these provisions in granting discounts to retailers, and the prices charged did not necessarily bear a relationship to the "laid-in cost" of the alcoholic beverages. Subsequent to the promulgation of the ATF Ruling challenged by the plaintiff, Florida wholesalers increased the prices which they charged to the plaintiff. The plaintiff filed a complaint alleging that this increase was due to a higher floor created by enforcement of ATF Ruling 74-6 by the Bureau of Alcohol, Tobacco and Firearms; that the Florida Legislature had specifically declined to impose this type of artificial pricing "floor" in Florida in favor of a free market pricing system; that a conflict thus arose between the State and Federal regulations; and that the conflict should be resolved in favor of the State's method of regulations.

The United States District Court for the Southern District of Florida entered judgment for the defendants. An appeal was taken to the United States Court of Appeals for the Fifth Circuit.

### III. QUESTION FOR THE SUPREME COURT OF FLORIDA

Whether, under Florida's comprehensive regulatory scheme for the alcoholic beverage industry, prices charged by wholesalers to retailers must bear some relationship to, and be at least equal to, laid-in cost, or whether a wholesaler may sell to a retailer at any price, regardless of laid-in cost, provided only that all discounts are given at the time of sale and the same discount is available to all purchasers of similar quantities of alcoholic beverages.