388 So.2d 1306 (1980)
JAX LIQUORS, INC., Appellant,
v.
DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, DEPARTMENT OF BUSINESS Regulation, and Beer Industry of Florida, Inc., Appellees.
No. TT-290.
District Court of Appeal of Florida, First District.
October 7, 1980.
*1307 Theodore L. Tripp, Jr. of Simon, Schindler & Tripp, P.A., Miami, for appellant.
Harold F.X. Purnell, Tallahassee, for appellee Dept. of Business Regulation.
Lee L. Willis, C. Gary Williams and Michael Glazer of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee Beer Industry.
Ronald R. Richmond, New Port Richey, amicus curiae.
ROBERT P. SMITH, Jr., Judge.
We affirm the order of the DOAH hearing officer sustaining Rule 7A-4.13 of the Division of Alcoholic Beverages and Tobacco against appellant's Section 120.56 challenge that (1) the Rule exercises regulatory powers not granted the Division by the Tied House Evil statute, Section 561.42, Florida Statutes (1979) and that (2) the statute, if construed to authorize the Rule, unconstitutionally discriminates against beer wholesalers and retailers and in favor of their counterparts who deal in distilled spirits and wine, to whom the Rule does not apply. The subject Rule requires beer wholesalers to give the Division and the trade ten days notice of changing their beer prices by posting intended price changes for that period. The posting requirement neither dictates what price shall be charged nor freezes prices. If he wishes, a wholesaler may charge a different price for beer every day; but the Rule does require that he announce the price change ten days before it is to become effective.
This challenge does not contest the Division's rule-making authority, Section 561.42(8), nor its power thereby to require public posting of wholesale beer prices. In that respect the rule is plainly calculated to promote a statutory purpose, the prevention of price favoritism and discrimination by beer wholesalers among retailers. See Pickerill v. Schott, 55 So.2d 716 (Fla. 1951). Appellant concedes that price posting facilitates Division postauditing of sales, but urges that that legitimate benefit may be secured by price posting which is effective immediately for as long as the wholesaler wishes, i.e., until the wholesaler posts another notice effective immediately. At least, appellant suggested at oral argument, wholesalers should be permitted to post a price change effective the next day.
Thus it appears that appellant's grievance against Rule 7A-4.13 is concerned with the details of the regulation, rather than with its purpose and principle. That being the case, appellant has assumed a heavy burden of proof in its attack upon the Rule. This is not a case in which the agency has undertaken policymaking by case-by-case adjudication, in which the agency is required to supply a "record foundation" for its policymaking. Florida Cities Water Co. v. Florida Public Service Comm'n, 384 So.2d 1280, 1281 (Fla. 1980); McDonald v. Dept. of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). Nor is this an appeal from Section 120.54 rulemaking proceedings, in which the agency's duty is to supply a full and fair opportunity for affected persons to attack or comment on the proposed rule by debate and appropriate evidence, and our duty is to assure that the agency has done so. Balino v. Dept. of Health and Rehab. Services, 362 So.2d 21 (Fla. 1st DCA 1978), cert. den., 370 So.2d 458 (Fla. 1979). The time for debate over the wisdom of Rule 7A-4.13 is long past; the question now is whether "the rule is an *1308 invalid exercise of delegated legislative authority." Section 120.56. On that question the presumption of the Rule's validity gains added weight from its having laid upon the public record in Florida Administrative Code for several legislative sessions without disapproval or interference by either the legislature or its Administrative Procedures Committee, Sections 120.52(4), 120.545, Florida Statutes (1979). See Austin v. Austin, 350 So.2d 102, 104 (Fla. 1st DCA 1977), cert. den., 357 So.2d 184 (Fla. 1978).
Appellant has not sustained its rule challenge. The evidence submitted by appellant to the hearing officer does not show that Rule 7A-4.13 is without a rational relationship to the Tied House Evil statute. According to the hearing officer's findings, more than 225,000,000 gallons of beer were sold through nearly 28,000 licensed Florida retailers during a recent 12-month period. In contrast to wine and liquor, which wholesalers sell in much less volume to many fewer licensees, usually by contracts made in advance of delivery, beer is usually sold on delivery by truck drivers calling on retailers. Given the volume, widespread dispersal, and informality of beer sales by wholesalers to Florida retailers, freefloating wholesale prices would create the potential for casual and undetectable discounts and other financial inducements to selected retailers. Therefore, as the hearing officer found, a reasonable posting period for price changes serves the purposes of the Tied House Evil statute by making an existing price more effectively "available to all retailers who wish to purchase similar quantities at the same time"; and the greater notice afforded by the ten-day posting period "gives retailers a way in which to discover if prohibited transactions have occurred." Moreover, as noted above, preannounced price changes create audit periods for comparison of a retailers' purchase records with the wholesaler's posted price.
It is apparent that requiring wholesalers to give reasonable notice of their intended price changes is satisfactorily related to the purposes of the Tied House Evil statute, and therefore that the requirement is among the Division's rulemaking powers. Central Florida Distributing Co. v. Jackson, 324 So.2d 143 (Fla. 1st DCA 1975). On this record we need not determine whether two or three days' notice would achieve the same beneficial purposes as ten days' notice, while loosening the restriction on wholesale pricing practices, and if so whether the greater restriction is "an invalid exercise of delegated legislative authority." In a rule challenge the burden of proving such matters is upon the challenger, and appellant made no evidentiary showing which would permit us to consider that question.
The stated differences between the distilled spirits and wine markets and the potentially volatile beer market create different policing problems and justify different treatment. This Rule does not deny any in the beer industry equal protection of the laws. City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); North Ridge General Hosp., Inc. v. City of Oakland Park, 374 So.2d 461 (Fla. 1979). Contrast Castlewood Int'l Corp. v. Wynne, 294 So.2d 321 (Fla. 1974), in which no rational basis was shown for different credit regulations imposed on similarly situated marketers of alcoholic beverages.
AFFIRMED.
BOOTH and SHAW, JJ., concur.